36357. LOYAL ORDER OF MOOSE, INC. et al. v. MAYOR AND MEMBERS OF THE COUNCIL OF THE CITY OF DALTON.

Bowles, Justice.

The Loyal Order of Moose, hereinafter appellant, had its beer and liquor pouring licenses suspended for four months by the Mayor and City Council of Dalton, Georgia. Appellant filed a complaint in the Superior Court of Whitfield County seeking an injunction against such suspension. The trial court granted an interlocutory injunction

against the suspension of the liquor license but denied it as to the beer license. The trial court granted supersedeas. Appellant appealed the denial of an interlocutory injunction as to the beer license.

By letter dated January 4, 1980, appellant was notified that the Dalton Civil Service Commission would conduct a hearing to determine whether or not its malt beverage license should be revoked or suspended. The letter stated that "[t]he subject matter of this hearing concerns the presence of minors on the premises of the Moose Lodge, Inc. on the 15th day of December, 1979." By letter dated January 29, 1980, appellant was notified that the Civil Service Commission had voted to recommend to the Mayor and City Council that appellant's alcoholic beverage licenses be suspended for four months and that a hearing was to be held before the Mayor and Council on the matter. On February 6, 1980, after the Civil Service Commission hearing but prior to the hearing before the Mayor and Council, the City of Dalton issued appellant 1980 beer and liquor pouring licenses. On February 20, 1980, the Mayor and Council voted to suspend appellant's alcoholic beverage licenses for four months. The Mayor and Council have not appealed the trial court's grant of an interlocutory injunction against suspension of appellant's liquor license.

On appeal to this court, appellant asserts four reasons why the trial court should have granted an interlocutory injunction against the suspension of its beer license.

1. First, appellant contends the issue is moot. It argues that the notice of January 4, 1980, was issued while it held a 1979 license (not having obtained its 1980 license until February). There is no merit to this argument. The 1979 beer pouring license expired by its own terms on December 31, 1979 and therefore a suspension proceeding initiated after that date could not apply to it. The 1980 license is the only license which could be suspended in 1980.

2. Next, appellant asserts that the issuance to it of a 1980 license was determinative of its right to hold a license and that the license is therefore not subject to revocation or suspension based on facts which occurred prior to its issuance. The record does not reveal the requirements for qualifying for the issuance of a beer pouring license so we cannot determine if the facts which led to the suspension would have had any bearing at all on such issuance.

3. Appellant contends the notice of January 4, 1980, was insufficient to apprise it of the grounds upon which suspension was sought. It concedes that the City of Dalton has an ordinance prohibiting the presence of minors on the premises if they are unaccompanied by a parent or guardian. The notice given stated that the hearing would concern the presence of minors on the premises

and specified the date the violation occurred. We find this notice legally sufficient.

4. Appellant asserts that the city ordinance which describes the circumstances under which a beer license may be suspended is unconstitutionally overbroad. It alleges that the ordinance is almost identical to the one held unconstitutional in Atlanta Attractions, Inc. v. Massell, 330 FSupp. 865 (1971), affirmed on other grounds in Atlanta Attractions, Inc. v. Massell, 463 F2d 449 (1972). The only portion of the ordinance in Atlanta Attractions which was held unconstitutionally overbroad was that portion which held that a liquor license could be revoked for the violation of *any* state law. Assuming without deciding that the similar portion of Dalton's city ordinance is overbroad, that portion of the ordinance which provides for suspension of a license for "violation of any laws or ordinances regulating such businesses" is still intact. Appellant does not contend that the ordinance it was found to have violated was not an ordinance regulating its business.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 13, 1980 — DECIDED SEPTEMBER 9, 1980.

*Robert B. Adams,* for appellants.
*J. Raymond Bates, Jr.,* for appellee.