Lamar T. Zimmerman, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Medical Education and Licensure, Respondent.

Argued October 10, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Percy DeMarco*, with him *A. Charles Peruto*, *Peruto, Ryan & Vitullo,* for petitioner.

*Kenneth E. Brody*, Assistant Attorney General, with him *Edward Biester*, Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 3, 1980:

Petitioner Lamar T. Zimmerman appeals from a decision of the State Board of Medical Education and Licensure (board), which revoked petitioner's medical license under Section 15(a)(3) and (a)(8), of the Medical Practice Act of 1974,[1] because he was convicted of a felony and found guilty of immoral and unprofessional conduct.

The facts are not in dispute. On July 20, 1978, a jury trial in the Montgomery County Court of Common Pleas, Criminal Division, resulted in a verdict finding petitioner, a physician licensed to practice in Pennsylvania, guilty of violating, among other matters, Section 13(a)(30), of The Controlled Substance, Drug, Device and Cosmetic Act,[2] a felony under Section 13(f)(1). Petitioner has appealed that criminal conviction to the Superior Court of Pennsylvania.

On September 6, 1978 the Department of State, Commission of Professional and Occupational Affairs, initiated license proceedings against petitioner

---

[1] Act of July 20, 1974, P.L. 551, *as amended*, 63 P.S. §421.15 (a)(3) and (a)(8).

[2] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113 (a)(30).

before the board. On August 14, 1979 a hearing examiner issued an order revoking petitioner's license. Thereafter petitioner appealed to the board, which affirmed the hearing examiner's decision.

Petitioner's first contention is that the record in the criminal case is devoid of competent evidence to support the guilty verdict. The Superior Court, not this court, is the proper forum to review the evidence adduced at the criminal trial. Therefore, we cannot reinstate petitioner's license on the basis of that contention.

Petitioner next contends (1) that his license cannot be revoked until his conviction is final and (2) that a conviction is not final until the disposition of all appeals taken by the petitioner. We cannot agree with that interpretation in the present context.

Governing here is Section 15(a)(3), which states:

(a) The board shall have authority to refuse, revoke or suspend the license of a physician for any or all of the following reasons:

. . . .

(3) Being convicted of a felony in the courts of this Commonwealth or any other state, territory or country. Conviction as used in this paragraph shall include a finding or verdict of guilt, an admission of guilt or a plea of nolo contendere.

63 P.S. §421.15(a)(3)

For the purpose of Section 15(a)(3), "conviction" is thus specifically defined to include a verdict of guilt. The legislature, by its language, indicates that it contemplated the various meanings "conviction" could have, and decided that a verdict alone should suffice to constitute a conviction.

For his definition of final conviction, petitioner relies on *Commonwealth v. Rundle*, 412 Pa. 109, 194

A.2d 143 (1963). In *Rundle,* the Pennsylvania Supreme Court, in considering retrospective application of an evidence exclusion doctrine, indicated that a criminal conviction might not be considered "final"

> in the sense that the time for perfecting an appeal to the state appellate court had not expired or that an appeal had been taken but not determined or that the time for seeking a review by the U.S. Supreme Court had not expired or that a review by that court was pending.

*supra* at 117, n. 4, 194 A.2d at 147, n. 4.

*Rundle* is to be distinguished because it involved a very different issue, and no statutory definition was involved.

Thus, we hold that the guilty verdict rendered against petitioner made Section 15(a)(3) immediately operable against petitioner. Consequently, the board properly revoked the petitioner's license.

If petitioner's felony conviction is overturned on appeal, petitioner may then initiate proceedings to have his license reinstated.

We are aware of the hardship such a result could work on petitioner. However, petitioner's property right to practice his chosen profession is not an absolute right to be deferred to in all circumstances. *Howarth v. Gilman,* 164 Pa. Superior Ct. 454, 65 A.2d 691 (1949). Here we hold that petitioner's property right must be subordinated to Section 15(a)(3), which is a proper exercise of the state's police power. The regulatory statute, here intended to protect the public, is not unduly oppressive or patently beyond the necessity of the case, and the means employed has a real and substantial relation to the object sought to be obtained. *See: Pennsylvania State Board of Pharmacy v. Pastor,* 441 Pa. 186, 272 A.2d 487 (1971). *See also: McCoy v. Board of Medical Education and*

*Licensure,* 37 Pa. Commonwealth Ct. 530, 391 A.2d 723 (1978).

Because we uphold the board's revocation of petitioner's license based upon Section 15(a)(3), we need not discuss the Section 15(a)(8) grounds on which the board based its decision to revoke petitioner's license.

Accordingly, we affirm the decision of the board.

ORDER

AND Now, this 3rd day of December, 1980, the decision of the State Board of Medical Education and Licensure is hereby affirmed.