James P. Herberg, M.D., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Medical Education and Licensure, Respondent.

Argued February 5, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Thomas B. Schmidt, III,* with him *Fred Speaker, Pepper, Hamilton & Scheetz,* for petitioner.

*Kenneth E. Brody,* Assistant Counsel, with him *David F. Phifer,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 17, 1982:

Petitioner James P. Herberg, M.D., appeals from a decision of the State Board of Medical Education and Licensure, which affirmed an order of a hearing examiner of the Commission of Professional and Occupational Affairs, revoking petitioner's medical license under Section 15(a)(3) of the Medical Practice Act,[1] as a consequence of petitioner's guilty pleas to felony

---

[1] Act of July 20, 1974, P.L. 551, *as amended,* 63 P.S. §421.15(a)(3).

drug sale charges in Centre County, Juniata County and Dauphin County, Pennsylvania.

Petitioner's first contention is that the hearing examiner revoked petitioner's license principally for deterrent purposes, disregarding substantial evidence that petitioner had become rehabilitated and is capable of practicing medicine without endangering his patients or the public.

Even assuming that petitioner no longer is dangerous to his patients, this court has stated:

> [T]he public interest served by a license suspension or revocation is not limited to the protection of patients. Equally important to the public interest is the necessity for regulation and discipline of the profession to prevent such unauthorized medical practices in the future.

*Ullo v. State Board of Nurse Examiners,* 41 Pa. Commonwealth Ct. 204, 208, 398 A.2d 764, 766 (1979).

Petitioner next contends that his due process rights under the fourteenth amendment and fifth amendment of the United States Constitution were violated because (1) the revocation of his license was premature in that his guilty pleas, on which the proceedings were predicated, remained subject to petitioner's motions for leave to withdraw,[2] and (2) petitioner was hindered in presenting his defense before the hearing examiner because he had invoked his constitutional privilege against self-incrimination to avoid giving testimony which might later be used in a criminal prosecution.

Recently, in *Zimmerman v. State Board of Medical Education and Licensure,* 55 Pa. Commonwealth Ct.

---

[2] Petitioner's motion for leave to withdraw guilty pleas has subsequently been denied by the Courts of Common Pleas of Juniata and Centre Counties. Petitioner was later tried and convicted on the charge pending in the Court of Common Pleas of Dauphin County.

74, 423 A.2d 34 (1980), this court considered a similar challenge by a physician who, after being convicted of a felony, also had his license revoked under the same Section 15(a)(3) of the Act, which states:

> (a) The board shall have authority to refuse, revoke or suspend the license of a physician for any or all of the following reasons:
>
> . . . .
>
> (3) Being convicted of a felony in the courts of this Commonwealth or any other state, territory or country. Conviction as used in this paragraph shall include a finding or verdict of guilty, an admission of guilt or a plea of nolo contendere.

63 P.S. §421.15(a)(3).

We said:

> For the purpose of Section 15(a)(3) "conviction" is thus specifically defined to include a verdict of guilt. The legislature, by its language, indicates that it contemplated the various meanings 'convictions' could have, and decided that a verdict alone should suffice to constitute a conviction.

*Zimmerman*, 55 Pa. Commonwealth Ct. at 76, 423 A.2d at 35. Likewise, under the statute, an admission of guilt—such as the guilty pleas here—constitutes a conviction, and justifies the board's revocation of petitioner's license. If petitioner's felony conviction is overturned on appeal, petitioner may then initiate proceedings to have his license reinstated. *Id.* at 77, 423 A.2d at 36.

Also, we reject petitioner's assertion that his constitutional rights were violated when, in anticipation of future criminal proceedings, he invoked his fifth

amendment privilege against self-incrimination in his testimony before the hearing examiner. Although petitioner has cited no authority, nor has our research uncovered a Pennsylvania decision on point, we are persuaded by the reasoning in *Arthurs v. Stern,* 560 F.2d 477, 478-9 (1st Cir. 1977), that:

> [T]here [is nothing] inherently repugnant to due process in requiring the doctor to choose between giving testimony at the disciplinary hearing, a course that may help the criminal prosecutors, and keeping silent, a course that may lead to the loss of his license.

*Arthurs* recognized the "strong public interest in promptly disciplining errant physicians taken as a class," and concluded that, absent a finding that a physician was forced to testify against himself, a medical disciplinary board was not constitutionally required to stay its proceedings until the criminal prosecutions against the doctor were over.[3] *Id.* at 480.

Finally, the petitioner contends that the board abused its discretion in not admitting additional evidence that, allegedly, would have established that the petitioner has now achieved control over his own drug dependence, enabling him to practice medicine safely. However, section 905 of the Health Care Services Mal-

---

[3] *See Flint v. Mullen,* 499 F.2d 100 (1st Cir. 1974), where a court held that a state prisoner was not denied due process rights where, subsequent to his indictment for robbery, but before trial, he had to appear before an administrative body that was considering his alleged violation of a deferred sentencing agreement. The court explained that:

> [T]he government had to prove its case by extrinsic evidence and there is no indication that defendant was penalized for silence except to the degree that anyone who claims the privilege may be said to forego the possibility of persuading a court in his favor. *Id.* at 103.

practice Act[4] imposes no requirement that the board hear additional evidence in reviewing a hearing examiner's decision. The record reveals that petitioner was given a full opportunity to present evidence and legal arguments before the examiner.

Accordingly, we affirm the decision of the board.

### ORDER

Now, March 17, 1982, the Order of the State Board of Medical Education and Licensure dated March 4, 1981 is hereby affirmed.

---

[4] Act of October 15, 1975, P.L. 390, *as amended*, 40 P.S. §1301.905, which provides:

(a) If the Application for Review is made to the State Board of Medical Education and Licensure, . . . within twenty days from the date of any decision made as a result of a hearing held by a hearing examiner, the State Board of Medical Education and Licensure, . . . shall review the evidence, and if deemed advisable by the board, hear argument and additional evidence.