Jesse Gutman, D.D.S., Petitioner *v.* Commonwealth of Pennsylvania, State Dental Council and Examining Board, Bureau of Professional Affairs, Respondent.

Argued April 7, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Samuel F. Pepper, Pepper, Winderman & Gordon, P.C.,* for petitioner.

*David Felicio,* Assistant Counsel, with him *David F. Phifer,* Chief Counsel, for respondent.

Opinion by Judge Barbieri, August 5, 1983:

The petitioner, Jesse Gutman, appeals an order of the State Dental Council and Examining Board (Board) which revoked his dental license pursuant to Section 3(i) of the Dental Law (Law), Act of May 1, 1933, P.L. 216, *as amended,* 63 P.S. §122(i). We affirm.

On February 9, 1981, Jesse Gutman, the petitioner in this case, was convicted of forgery, false swearing, perjury, and criminal conspiracy, for which he was sentenced and fined $3,500.00. On July 30, 1981, Gutman appealed these convictions to the Superior Court. Thereafter, the State Dental Council and Examining Board convened a hearing on September 9, 1981, to determine whether or not the petitioner's license should be suspended or revoked based upon Section 3(i) of the Law, which provides in part that:

The State Dental Council and Examining Board . . . shall have power:

(i) To suspend and revoke, by a majority action of the entire board, the license or registration of any licensee who has been guilty of a crime or misdemeanor involving moral turpitude. . . .

As a result of the September 9, 1981 hearing, the Board found that the petitioner had been guilty of crimes involving moral turpitude and, accordingly, revoked the petitioner's license to practice dentistry in the State of Pennsylvania. The petitioner now appeals to this Court. The petitioner first contends to this Court that his due process rights were violated by the Board's revocation of his license while his criminal convictions were on appeal to the Superior Court. In *Zimmerman v. State Board of Medical Education and Licensure,* 55 Pa. Commonwealth Ct. 74, 423 A.2d 34 (1980), this Court addressed and rejected a very similar argument, advanced by the petitioner in that case, for reasons which we feel are controlling here as well. In *Zimmerman,* the petitioner had his medical license revoked pursuant to Section 15(a)(3) of the Medical Practice Act of 1974,[1] which grants the State Board of Medical Education and Licensure the power to revoke the license of a person "convicted of a felony." In that Section 15(a)(3) specifically defined "conviction" to include a verdict of guilty, we held that the legislature intended that a verdict of guilty alone be sufficient to revoke a person's license. In the instant case, there can be no doubt that the legislature intended the same result since Section 3(i) of the Law only speaks in terms of a person who has been found guilty. More importantly, however, *Zim-*

---

[1] Act of July 20, 1974, P.L. 551, *as amended,* 63 P.S. §421.15(a)(3).

*merman,* citing language under a substantive due process analysis,[2] went on to state that Section 15(a)(3) is a proper exercise of the state's police powers, in that the statute was "intended to protect the public, is not unduly oppressive or patently beyond the necessity of the case, and the means employed has a real and substantial relation to the object to be obtained." *Id.* at 77, 423 A.2d at 36. Since the purposes and objective of Section 3(i) is no doubt the same as Section 15(a)(3), we hold that the Board's exercise of its powers under Section 3(i) in this case did not violate the due process rights of the petitioner.

We must also reject the petitioner's argument that his due process rights were violated when neither he nor his counsel were present at the Board's revocation hearing. "The essential elements of due process in administrative proceedings are notice and the opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case, before a tribunal with jurisdiction over the matter." *Wojciechowski v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 116, 119, 407 A.2d 142, 143 (1979). Based upon our review of the record in this case, we conclude that the petitioner had both notice of his revocation hearing and the *opportunity* to be heard on his case. The Board sent its Citation and Notice of Hearing to the petitioner by way of certified mail, which was returned "refused." Thereafter, a professional conduct investigator unsuccessfully attempted to serve the citation and notice on the petitioner at his post office address on nine separate occasions. Finally, the citation and notice were mailed to the petitioner's attorney who acknowledged receiving same, and responded by requesting on behalf of

---

[2] *See McCoy v. Board of Medical Education and Licensure,* 37 Pa. Commonwealth Ct. 530, 391 A.2d 723 (1978).

the petitioner to have the petitioner's hearing held in abeyance until a final decision was reached in the appellate process on his criminal convictions. By way of letter dated August 27, 1981, the Board responded denying counsel's request that the petitioner's hearing be delayed, and further informed counsel that the Board was going to proceed with the petitioner's hearing as scheduled on September 9, 1981. Under these circumstances, we cannot conclude that the petitioner was not given notice of his hearing or that he was denied the *opportunity* to be heard. The petitioner by his own actions elected not to be present at his revocation hearing and cannot now claim that he has been denied due process.

Affirmed.

### ORDER

AND Now, this 5th day of August, 1983, the decision of the State Dental Council and Examining Board, dated February 15, 1982, revoking the dental license of the petitioner, Jesse Gutman, is hereby affirmed.