## 40253. BRYANT v. MAYOR & CITY COUNCIL OF AMERICUS et al.

SMITH, Justice.

In February 1983 appellant Eddie L. Bryant, Jr., was arrested and in March 1983 he was indicted on one count of possession of marijuana with intent to distribute. Disposition of his criminal case remains pending. At the time of his arrest Bryant held a license issued by the City of Americus to sell alcoholic beverages. In April 1983 the chief of police petitioned the city council to revoke Bryant's liquor license on grounds that his possession of marijuana violated a city ordinance. The ordinance states, in pertinent part, certain grounds for revocation of such a license, including: "(A) The violation by the license holder or his employee of any federal, state, or local law or ordinance relating to the use and sale of drugs or alcoholic beverages . . . (C) Any conduct on the part of the license holder or his employee contrary to the public health, safety, health or morals of the citizens of Americus." Code of City of Americus § 3-38 (A) & (C).

Bryant was not notified that this petition would be presented and neither he nor his representative appeared in order to controvert any evidence offered by the police chief. The city council heard testimony concerning the petition and voted to revoke Bryant's license, subject to his right to a hearing, and he was notified of this action on April 15. He requested a hearing (which automatically stayed the revocation) which was scheduled for and conducted on May 11, 1983.

At the May hearing Bryant was represented by counsel who sought to voir dire the aldermen as in the manner of a judicial trial. He was not allowed to do so, but in response to his request the mayor read a statement to the council members as a group, asking any alderman who could not base his decision solely on the evidence about to be heard to disqualify himself from voting. No member responded and after Bryant presented evidence and witnesses in his behalf, a majority of the council voted to uphold the revocation.

Bryant also sought injunctive relief against the council's revocation action and in July 1983 the Superior Court of Sumter County dismissed his complaint, denying his request for a temporary restraining order on the principal ground that the decision was largely committed to the discretion of the city council as an administrative matter. It is from this order granting dismissal that Bryant appeals.

1. In his first enumeration Bryant contends that the ordinance sections cited above are unconstitutionally overbroad, citing Atlanta Attractions, Inc. v. Massell, 463 F2d 449 (5th Cir. 1972). The trial

court in Atlanta Attractions ruled that so much of the ordinance in question there as authorized revocation "for the violation of any state or federal law, or for the violation of any city ordinances other than traffic ordinances," was overbroad. 330 FSupp. 865 (N. D. Ga. 1971). The Court of Appeals affirmed on other grounds and, as we observed in *Loyal Order of Moose, Inc. v. Mayor &c. of the City of Dalton,* 246 Ga. 298 (271 SE2d 354) (1980), the only portion held overbroad was that portion allowing "revo[cation] for the violation of *any* state law." Id. at 300. The ordinance here is not nearly as broad as the ones examined in these foregoing cases. The Americus ordinance sets out as grounds the violation of any federal, state or local law or ordinance *relating to the use and sale of drugs or alcoholic beverages.* This additional phrase narrows the scope of the ordinance to within boundaries set by the 14th Amendment to the Constitution of the United States, and cures the infirmities recognized to inhabit the more loosely drafted ordinances in Atlanta Attractions and *Loyal Order of Moose,* supra. Therefore we find no merit in this enumeration.

2. In his second enumeration appellant contends that it was error to fail to find that the ordinance did not set forth ascertainable standards for revocation of licenses consistent with due process, as required by OCGA § 3-3-2 (Code Ann. § 5A-502). As we said in section (1) of this opinion, supra, the ordinance sets out clear grounds for revocation. These grounds, as stated, plainly meet the "ascertainable standards" requirement of OCGA § 3-3-2 (Code Ann. § 5A-502). The ordinance commits to the sole discretion of the mayor and city council the determination of whether or not these grounds to revoke exist in a given case. The authority of the mayor and city council granted by the ordinance does not per se derogate from or conflict with due process principles. There is no merit in this enumeration.

3. Appellant was arrested on February 25, 1983. On February 28, 1983, the mayor and city council adopted an amendment to the then existing ordinance § 3-38, deleting any requirement that a license holder be given prior notice of revocation proceedings. The new ordinance stated that after revocation the licensee was to be sent a written notification of the reasons for the action. An aggrieved party has the right to an automatic appeal hearing to be held within 20 days where the party can appear with counsel, have witnesses appear in his behalf, and have the opportunity to cross-examine opposing witnesses. Appellant contends that the pre-amendment ordinance applied to his case because he was arrested prior to enactment of the amendment and that he is entitled to an adversary hearing prior to any action on the part of the mayor and city council to revoke. He contends that the trial court's ruling violates the due process and

equal protection provisions of the constitutions of the United States and Georgia.

We disagree. Appellant's license was revoked subject to his right to an automatic appeal and pursuant to an objective procedure incorporating standards and grounds set out in the ordinance. Appellant has not met the prescribed standard for maintaining his license, that is, he was found to have violated a law relating to the use and sale of drugs. He exercised his right to request and receive a hearing on the matter, at which time he was allowed to attempt to controvert the evidence presented against him. Due process requires no more.

As to the ex post facto problem posited by appellant, the amendment merely effected a procedural change, not one involving a substantive right. See *Todd v. State,* 228 Ga. 746 (187 SE2d 831) (1972). It merely allowed the city council to revoke licenses without a hearing should the licensee not desire to be heard. The amended procedure is consistent with due process and OCGA § 3-3-2(b)(3) (Code Ann. § 5A-502). See Sokolic v. Ryan, 304 FSupp. 213 (S. D. Ga. 1969).

4. Appellant next contends that no violation of the ordinance providing grounds for support of revocation was proved. There is nothing in the record to indicate that this issue was raised or decided in the superior court, therefore there is nothing for this court to review on appeal.

5. In his fifth enumeration appellant contends that it was error to deny injunctive relief where he had been forced by the revocation hearing procedure to choose between his right to remain silent as to a pending criminal indictment and the desire to testify as to the same issues and events before the city council in order to retain his license.

We disagree. The city council was not required to delay its hearing pending judicial disposition of criminal charges against the appellant. Although the revocation hearing was not a criminal proceeding as contemplated by the 5th Amendment, appellant could have, but did not, assert his right to remain silent, and it was not a violation of his right not to be compelled in a criminal case to be a witness against himself to hold the revocation hearing. See, e.g., McCabe v. Dept. of Registration, 90 Ill. App. 3d, 1123 (413 NE2d 1353) (1980), cert. denied, 454 U. S. 838 (102 SC 143, 70 LE2d 119); Herberg v. Commw. St. Bd. of Medical Ed. and Licensure, 442 A2d 411 (Pa. 1982). There is no merit in this enumeration.

6. In his final enumeration appellant contends that the lower court erred in refusing to rule that appellant was entitled to engage in voir dire of the mayor and the aldermen, and also in not allowing him to submit evidence of the bias of the same body. He does not intimate

that any or all of the hearing body members were acting with a particular bias and prejudice, nor does he suggest the nature of that supposed bias or point to any proposed submission of evidence that would demonstrate it.

In response to appellant's request at the hearing, the mayor addressed the aldermen as a group and asked any alderman who would not be able to base his decision solely on the evidence to be presented at the hearing to disqualify himself. No alderman asked to be disqualified and the hearing proceeded. Appellant cites no authority (and we know of none) for the proposition that an administrative body functioning as both judge and trier of fact may be questioned as in voir dire of a jury in a court of law.

In regard to the issue of bias, appellant neither shows what evidence he intended to submit to the court below nor does he set out in substance the evidence he contends was improperly excluded. As a result his enumeration presents no instance of prejudice or bias on the part of the city council and thus no error in any related ruling by the superior court. There is no merit in this enumeration.

*Judgment affirmed. All the Justices concur, except Weltner, J., who dissents as to Division 3. Marshall, P. J., not participating.*

DECIDED JANUARY 19, 1984 —
REHEARING DENIED FEBRUARY 9, 1984.

*William Jonathan Murray,* for appellant.
*C. Oliver Oxford,* for appellees.