513 A.2d 521

Paul F. Gaynor, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Pharmacy, Respondent.

320

Argued December 12, 1985, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*David R. Bane*, with him, *Robert A. Rovner, Rovner, Allen, Seiken & Rovner*, for petitioner.

*Joyce McKeever*, Chief Counsel, Bureau of Professional and Occupational Affairs, with her, *Alexandra J. Matthews*, Counsel, State Board of Pharmacy, and *David F. Phifer*, Chief Counsel, Department of State, for respondent.

OPINION BY JUDGE BARRY, July 29, 1986:

This is an appeal by Paul F. Gaynor, petitioner, of an order of the respondent, the State Board of Pharmacy (Board), revoking his license to practice pharmacy under Section 5 of the Pharmacy Act (the Act), Act of September 27, 1961, P.L. 1700, 63 P.S. §390-5, on the

basis of his conviction in federal court for conspiring to distribute and distributing certain controlled substances in violation of 18 U.S.C. §2, Act of June 25, 1948, ch. 645, §1, 62 Stat. 684, *amended by* the Act of October 31, 1951, ch. 655, §17b, 65 Stat. 717, and 21 U.S.C. §841(a)(1), Comprehensive Drug Abuse Prevention and Control Act of 1970, Act of October 27, 1970, Pub. L. No. 91-513, 84 Stat. 1285 (1970).[1]

Petitioner was a duly registered pharmacist in the Commonwealth of Pennsylvania[2] employed by Harold's Prescription Pharmacy at 4745 North 11th Street, Philadelphia, Pennsylvania. Harold's was owned and operated by Hratch K. Sarian. On June 24, 1982, petitioner was found guilty of charges that he conspired to and did distribute certain controlled substances. On August 30, 1982, petitioner was sentenced by the U.S. District Court of the Eastern District of Pennsylvania to serve concurrent terms of two years in prison plus a three year period of special parole and five years probation.

---

[1] According to the findings of the Pharmacy Board, these are the offenses of which the petitioner was convicted:

6. On June 24, 1982, Respondent was found guilty in federal district court of the following counts of the above-referenced indictment:

(a) Conspiracy to distribute the following substances: Dilaudid, Percodan, Preludin, Ritalin, Quaalude (Methaqualone), Tussionex (hydrocodone), Talwin and Bromanyl expectorant (a codeine-based expectorant);

(b) Distribution of 19,230 tablets of Dilaudid and 3,084 tablets of Percodan;

(c) Distribution of 16,623 tablets of Preludin, 12,503 tablets of Ritalin and 6,100 tablets of Quaalude (Methaqualone);

(d) Distribution of 7,351.7 ounces of Tussionex suspension (Hydrocodone);

(e) Distribution of 1,956 gallons of Bromanyl expectorant (codeine-based syrup). (Exhibit C-4)

[2] License No. RP-2364-L.

He appealed this conviction. On November 7, 1984, after a full Board hearing the Board issued an order revoking petitioner's license under Section 5 of the Act. In its discussion, the Board explained that in considering the magnitude of petitioner's crime, its harm to the public, his own awareness of the seriousness of his conduct and the nature and character of petitioner's participation in criminal activity, as well as petitioner's character and professional reputation, petitioner committed "an abuse of the highest order, warranting the imposition of a severe sanction". The Board explicitly indicated that it found the evidence insufficient to mitigate the sanction of revocation. Petitioner appeals to this Court arguing that his past violation-free record, and his status as an employee rather than a willing participant in the dispensing of the illegal drugs, should mitigate against the revocation of his license. Petitioner also claims that since he has moved for a new trial the conviction is not final and thus cannot be used to support the Board's conclusion that he violated Section 5(a)(2) of the Act.

After considering petitioner's argument that, since his appeal of the conviction in federal district court is pending, the Board is without authority to revoke his license, we must disagree. In *Duda v. State Board of Pharmacy*, 38 Pa. Commonwealth Ct. 378, 393 A.2d 57 (1978), Duda, a pharmacist, had pled guilty to charges of violating Section 13(a)(28) of the Drug Act,[3] which prohibits:

> The furnishing of false or fraudulent material information in, or omission of any material information from any application, report, or other

---

[3] The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-123(b).

document required to be kept or filed under this act, or any record required to be kept by this act.

Section 13(c) of the Drug Act defines a violation of Section 13(a)(28) as a misdemeanor. The Board suspended his license pursuant to Section 5 of the Pharmacy Act despite provisions in the Drug Act authorizing license suspensions for violations of the Drug Act only when that violation constitutes a felony. We found the Drug Act and the Pharmacy Act irreconcilable, in part. The Drug Act, under Section 23(b), authorizes the Board to "revoke or suspend the registration or license of any practitioner when such person has pleaded guilty or *nolo contendere* or has been *convicted of a felony* under this act or any similar state or federal law". 35 P.S. §780-123(b) (emphasis added). Section 5 of the Pharmacy Act provided, as it does similarly at the present, the Board with authority to revoke or suspend the license of any pharmacist who "has been found guilty or entered a plea of *nolo contendere* to *any* offense in connection with the practice of pharmacy. . . ." 63 P.S. §390-5(2) (emphasis added). Clearly, under the Drug Act the Board could suspend or revoke an offender's license only for a conviction of a felony. However, under the Pharmacy Act, the Board could suspend or revoke a license on the basis of any offense whether it constitutes a felony or misdemeanor. We held, in effect, that the special provisions of Section 23(b) of the more recently enacted Drug Act supersede the more general provisions of the Pharmacy Act, meaning that the Board could not suspend or revoke Duda's license inasmuch as he was convicted of only a misdemeanor. In addition, Judge ROGERS held that the word "conviction," when not defined otherwise in the statute, means judgment of sentence. Since the Drug Act used the word "conviction" without further definition it supersedes the less restrictive lan-

guage of the Pharmacy Act; thus sanctions because of the commission of a felony under the Drug Act could only be imposed after judgment of sentence.[4] In the case before us, the petitioner was not only convicted of committing a felony—the violation of two federal laws involving the distribution of controlled substances—but there are no provisions in either federal statute which would restrict the Pharmacy Board from exercising its full authority under Section 5. The language of the Pharmacy Act, specifically the words "found guilty", is not restrictive and is not superseded by more recently enacted, restrictive legislation. Nothing in that Act precludes the imposition of sanctions following a guilty verdict at the trial court level. In *Zimmerman v. State Board of Medical Education and Licensure,* 55 Pa. Commonwealth Ct. 74, 423 A.2d 34 (1980), petitioner's medical license was revoked under Section 15(a)(3) and (a)(8) of the Medical Practice Act, Act of July 20, 1974, P.L. 551, *as amended,* 63 P.S. §421.15(a)(3) (since repealed), after he was found guilty of violating Section 13(a)(30) of the controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §780-113(a)(30). Petitioner, in that case, charged that the revocation of his license was invalid because he was technically not yet convicted, having appealed his conviction to the Superior Court of Pennsylvania. The language of Section 15(a)(3), as codified, reads:

> §412.15. Reasons for refusal; revocation or suspension of license
> (a) The board shall have the authority to refuse, revoke or suspend the license of a physician for any or all of the following reasons:
> . . . .

---

[4] Judge ROGERS clarifies this in a footnote, *Duda,* 38 Pa. Commonwealth Ct. at 382 n.1, 393 A.2d at 59 n.1.

(3) Being convicted of a felony in the courts of this Commonwealth or any other state, territory or country. Conviction as used in this paragraph shall include a finding or verdict of guilt, an admission of guilt or a plea of nolo contendere.

We held that the word "conviction," as used in this context and defined within the section of the Act, obviously reflects the legislative intent that a verdict by a trial court is sufficient to make Section 15(a)(3) "immediately operable". *Zimmerman,* 55 Pa. Commonwealth Ct. at 77, 423 A.2d at 35.

The language of Section 5(a)(2) is similarly worded:

§390-5. Revocation and suspension

(a) The board shall have the power to revoke or suspend the license of any pharmacist upon proof satisfactory to it that:

. . . .

(2) He has been found guilty, pleaded guilty or entered a plea of nolo contendere to any offense in connection with the practice of pharmacy or involving moral turpitude before any court of record of any jurisdiction.

The Pharmacy Act avoids the use of the word "conviction". We note, too, that the Board is authorized by Section 5(a)(6) of the Act, 63 P.S. §390-5(a)(6)[5] to revoke the license of any pharmacist who violates the provisions of the Act. We, therefore, hold that the record of the conviction serves as substantial evidence that petitioner was found guilty of conspiring to and distributing drugs in violation of federal law and that the Board acted within its authority under Section 5(a)(2) in revoking his license.

We turn now to whether the Board abused its discretion by failing to consider certain mitigating circum-

---

[5] (6) He has violated or permitted the violation of any provision of this act or regulation of the board.

stances before imposing the maximum sanction of revocation. Specifically, petitioner maintains that the degree of his involvement in the conspiracy and criminal acts was small in relation to Hratch Sarian and Samuel Guttler, his co-conspirators; that his role in the conspiracy was that of an unwilling employee, and that his past record shows a proclivity to quit employment rather than become involved in his employer's dishonest or illegal activity. The Board's discussion, in its opinion, however, reveals that the Board both considered the mitigating evidence and, although under no duty to do so under *Carr v. State Board of Pharmacy,* 48 Pa. Commonwealth Ct. 330, 409 A.2d 941 (1980), articulated specific reasons, related to the protection of the integrity of the pharmacy profession, for refusing to lessen the sanction. On pages 6 and 7 of its opinion, the Board states:

> In this case, the Board has found no facts which would justify lessening this sanction in consideration of mitigating evidence. To the contrary, the Board finds Respondent's evidence supports the imposition of a severe sanction. For example, Respondent testified that he had worked for many other pharmacies in his career and in the past had quit on the spot or within a few months of having even the slightest suspicion of dishonesty or wrongdoing. Nonetheless, Respondent worked at Sarian's pharmacy from August 1979 to April 1981, while possessing first-hand knowledge as early as the fall of 1979 that the pharmacy was being used as the conduit for illegal trafficking in drugs. While he worked at Sarian's, Respondent ordered drugs, knowing that these drugs were destined for illegal markets and watched silently while Sarian made illegal drug trades in the pharmacy. Re-

spondent maintained his silence when federal authorities began investigating the pharmacy and continued to do so even after he left Sarian's employ. And, when he did end his employment, he left, not because of the illegal drug traffic, but for personal health reasons.

Respondent's testimony before this Board is utterly damning in its total disregard of the effect of this illegal drug traffic upon individuals and the public at large. His attempt to foist all the blame for the illegal activities of the pharmacy on its owner and Guttler adds nothing to elevate his own conduct in this criminal scheme, nor does it explain his acquiescence in this criminal activity during the course of his employment.

The Board has also considered and weighed various documents submitted as character references on Respondent's behalf. The Board does not find this evidence justifiable cause to mitigate its sanction.

We feel that the Board's refusal to reduce the sanction to a suspension is within its authority under the statute and, in light of the above excerpt from the Board's opinion, is based upon a reasonable evaluation of the mitigating evidence and a genuine and reasonable attempt at regulating, within its authority, the professional caliber of its members. *See also Rosenthal v. State Board of Pharmacy*, 73 Pa. Commonwealth Ct. 132, 457 A.2d 243 (1983).

Accordingly, we affirm.

ORDER

Now, July 29, 1986, the order of the State Board of Pharmacy, No. 82-PH-912, dated November 7, 1984, revoking the license of Paul F. Gaynor, is affirmed.