Frank Wholsein TELANG,
M.D., Petitioner,

v.

COMMONWEALTH of Pennsylvania, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1998.

Decided May 29, 1998.

Reargument Denied Aug. 7, 1998.

David R. Dearden, Wayne, for petitioner.

Gerald S. Smith, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

SMITH, Judge.

Frank Wholsein Telang, M.D., petitions for review of the order of the State Board of Medicine (Board) that modified the three-year suspension order of a Hearing Examiner and revoked Telang's license to practice medicine in this Commonwealth. The Board otherwise affirmed the Hearing Examiner's determination that Telang was in violation of Section 41(4) of the Medical Practice Act of 1985 (Medical Practice Act), Act of December 20, 1985, P.L. 457, *as amended*, 63 P.S. § 422.41(4), because of disciplinary action taken against him by New Jersey's board of medicine. Telang contends that the Board violated his constitutional right to procedural due process by failing to notify him that the Board was considering revocation rather than suspension and by failing to permit him to present arguments and evidence to the Board on whether revocation was appropriate. Telang also contends that the Board improperly admitted into evidence prejudical hearsay statements and committed an abuse of discretion by capriciously deciding to revoke his license, despite the lack of substantial evidence to support a revocation.

Telang was a physician licensed to practice medicine under the laws of Pennsylvania and New Jersey. In February 1996, New Jersey's board of medicine found that Telang had sexually abused one of his patients during the course of her treatment, and consequently it suspended Telang's New Jersey

medical license. Thereafter, Pennsylvania's Bureau of Professional and Occupational Affairs (Bureau) petitioned the Board to suspend Telang's Pennsylvania license for a minimum of three years under Section 42 of the Medical Practice Act, 63 P.S. § 422.42, because of the sexual abuse committed by Telang in New Jersey. Telang's license was immediately suspended pending a formal hearing on the Bureau's request.

The matter proceeded before a Hearing Examiner, who held a hearing and received into evidence over Telang's hearsay objection certified copies of the New Jersey records relating to the suspension of his medical license in that state. In November 1996, the Hearing Examiner issued an adjudication and order finding that Telang had violated the Medical Practice Act, and the Hearing Examiner therefore suspended Telang's Pennsylvania license for a period of at least three years. Telang sought the Board's review of the Hearing Examiner's order, arguing that he should be able to practice medicine under constant supervision which would eliminate any danger of future sexual abuse. The Bureau maintained that the suspension order was the appropriate sanction. Nevertheless, in June 1997, the Board modified the Hearing Examiner's order by *sua sponte* revoking Telang's license; the Board gave no prior notice to Telang that the revocation of his license was under consideration. Telang's subsequent request for reconsideration and a hearing on the appropriateness of the revocation of his license was denied. This petition for review followed.[1]

■ The threshold issue here is whether the Board violated Telang's right to procedural due process, guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution,[2] by *sua sponte* imposing a harsher punishment than that ordered by the Hearing Examiner without notifying Telang that the Board would consider revocation over suspension and without holding a hearing on the pros-

---

1. In reviewing a decision of the Board, this Court must determine whether constitutional rights were violated, whether an error of law was committed or whether findings of fact are supported by substantial evidence. *Pisnanont v.* *State Board of Medicine,* 680 A.2d 911 (Pa. Cmwlth.1996).

2. U.S. Const. amend. XIV, § 1.

pect of harsher punishment. This Court will consider three factors in determining whether a particular procedure satisfies due process:

'[F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional substitute procedural safeguards; and [third], the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'

*Firman v. Department of State, State Board of Medicine,* 697 A.2d 291, 295 (Pa.Cmwlth. 1997) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

█ The first factor is not contested here, as it is well established that a licensed physician has a substantial private property interest in his or her license and that a state may not deprive a physician of a medical license without following due process safeguards. *Shah v. State Board of Medicine,* 139 Pa. Cmwlth. 94, 589 A.2d 783, *appeal denied,* 528 Pa. 646, 600 A.2d 197 (1991). Additionally, Telang's property interest in his license is heightened because the Board revoked his license *sua sponte,* rendering Telang's sanction more severe than the three-year suspension sought by the Bureau and imposed by the Hearing Examiner. The duration of any potentially wrongful deprivation of a property interest is an important factor in assessing the impact of official action on the private interest involved. *Id.*

The second factor to be considered is the likelihood of an erroneous deprivation of the private interest as a consequence of the procedure used. Telang argues that this Court has recognized, by inference, that there is a significantly increased risk of an erroneous deprivation of a medical license where the Board imposes a more severe sanction than that imposed by the hearing examiner without providing the licensee with an opportunity for a hearing. Telang cites *Denier v. State Board of Medicine, Bureau of Professional and Occupational Affairs,* 683 A.2d 949 (Pa.Cmwlth.1996), and *Cassella v. State*

*Board of Medicine, Bureau of Professional and Occupational Affairs,* 119 Pa.Cmwlth. 394, 547 A.2d 506 (1988), *appeal denied,* 522 Pa. 585, 559 A.2d 528 (1989), to support his argument. The Board counters that Telang's proposed rule would be contrary to the Court's decisions in *Cassella* and *Herberg v. State Board of Medical Education and Licensure,* 65 Pa.Cmwlth. 358, 442 A.2d 411 (1982).

The Court in *Denier* considered the Board's automatic suspension of a physician's license following the physician's conviction for wrongful distribution of a controlled substance. The Board suspended the physician's license without first holding an evidentiary hearing, and the physician argued on appeal to this Court that due process required the Board to hold an evidentiary hearing before suspending his license. In rejecting this argument, the Court noted that the Board lacked discretion to impose a lesser penalty upon the physician's conviction of a felony and that no facts were at issue that could be resolved at a hearing before the Board. Because the Board was compelled to suspend the physician's license, any mitigating evidence that the physician would have presented to the Board could not have impacted the outcome of the proceedings.

In *Cassella* the Bureau sought the Board's review of the decision of a hearing examiner, who had suspended the physician's license for two years. The Board took no additional evidence and determined that the penalty imposed by the hearing examiner was indeed too lenient; the Board therefore revoked the physician's license. The physician petitioned this Court for review, but the Court rejected the physician's argument that the Board violated his due process rights by imposing a harsher sanction than that imposed by the hearing examiner without taking additional testimony and without hearing oral argument. Specifically, the Court stated:

We ... disagree with Petitioner's assertion that the Board must hold a separate hearing before imposing ... a sanction [different from that imposed by the hearing examiner]. Petitioner was provided with notice and an opportunity to be heard before the hearing examiner. Petitioner

could have placed any mitigating circumstances on the record at that time. Further, Petitioner failed to request that the Board take additional evidence, although the Malpractice Act permits the Board to hear such additional evidence and he had received notice of the Board's [sic] application for review seeking a harsher penalty. Petitioner may not now claim he should have received an additional hearing.

*Id.*, 547 A.2d at 512.

The Court concludes that several circumstances that were present in *Cassella* are absent in the case sub judice. First, unlike the physician in *Cassella*, Telang had no indication at any time before the Board issued its order that it contemplated a harsher sanction than what was imposed by the Hearing Examiner, and unlike the prosecutor in *Cassella*, the Bureau's prosecutor here never sought the sanction of revocation ultimately imposed by the Board, nor did the Bureau seek Board review of the suspension order. Additionally, the Board refused to permit Telang to present any evidence on the propriety of the revocation of his license. The Board's decision to effectively blindside Telang with the revocation of his license clearly created a substantial risk of an erroneous deprivation of Telang's private interest in his medical license.[3] *Cassella; see also Pisnanont v. State Board of Medicine*, 680 A.2d 911 (Pa.Cmwlth.1996) (due process was violated when the Board required a physician to undergo a psychiatric examination as a condition for reinstatement without notifying the physician that such a sanction was under consideration and without any formal charge to serve as a basis for the sanction).

The third factor for the Court to consider is the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. The Court concludes that requiring the Board to afford Telang an opportunity to present evidence or, at the very least, to present arguments after informing him that the Board was considering revocation rather than suspension would not impose such an onerous or substantial burden on the Board as to justify denying Telang fundamental due process rights.[4] Because of the permanence of revocation, the Court concludes that to comply with due process safeguards, the Board should have notified Telang that it was considering revocation of his license, where the Hearing Examiner merely suspended the license and the Bureau did not request review of that penalty. *See Pisnanont.* The Board should have as well permitted Telang to present evidence or arguments on whether the harsher sanction was warranted under the circumstances. *See Cassella.* These additional procedural safeguards would not impose administrative or fiscal burdens upon the Board beyond those that it already bears.

■ Moreover, at the time that the Board decided to revoke Telang's license, it was already under suspension, and he posed no immediate threat to the citizenry because he was precluded from treating patients. Affording Telang an opportunity to present additional evidence or argument on the harsher sanction would therefore not compromise the Board's immediate goal of ensuring that Telang does not practice medicine during the pendency of this litigation. As a result, the Court concludes that the Board deprived Telang of his due process rights by *sua sponte* revoking his license without affording him an opportunity to present evidence or argument to contest the harsher sanction. The Board's

3. The Court rejects the Board's assertion that this conclusion is contrary to the decisions in *Cassella* and *Herberg*. The decision in *Cassella*, as noted above, is distinguishable from the case sub judice, and the instant matter is likewise distinguishable from *Herberg*, in which this Court held that due process did not forbid the Board's predecessor from forcing a physician to choose either to invoke his Fifth Amendment privilege against self-incrimination or to testify and possibly incriminate himself at a hearing before the hearing examiner.

4. The Court is not convinced that an evidentiary hearing would in all similar circumstances be warranted, for due process does not require an evidentiary hearing in instances where no facts are at issue. *Denier.* Due process is a flexible notion, and its requirements depend on the circumstances of each case; however, its essential requirements are notice and a meaningful opportunity to be heard. *Department of Transportation, Bureau of Driver Licensing v. Clayton*, 546 Pa. 342, 684 A.2d 1060 (1996).

order shall therefore be vacated, and the case shall be remanded to the Board for an appropriate hearing to receive any additional evidence or argument warranted on the revocation sanction. Because of the Court's resolution of Telang's first issue, the remaining contentions on appeal need not be addressed.[5]

## ORDER

AND NOW, this 29th day of May, 1998, the order of the State Board of Medicine is vacated, the Hearing Examiner's order of suspension is reinstated, and the case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

---

**5.** The Court notes, however, that Telang's hearsay argument, objecting to the introduction of the official certified records from New Jersey's board of medicine regarding the suspension of Telang's New Jersey medical license, is clearly without merit. Official records as certified by the legal custodian of the records do not constitute inadmissible hearsay. *Commonwealth v. Smith,* 386 Pa.Super. 626, 563 A.2d 905 (1989), *aff'd,* 528 Pa. 380, 598 A.2d 268 (1991).