IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antoine Turay, F.D.,                          :
                                              : No. 924 C.D. 2016
                        Petitioner            : Submitted: October 28, 2016
                                              :
            v.                                :
                                              :
Bureau of Professional and                    :
Occupational Affairs, State                   :
Board of Funeral Directors,                   :
                                              :
                        Respondent            :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                               FILED: March 28, 2017


           Antoine Turay, F.D. (Petitioner) petitions for review from an order of
the Bureau of Professional and Occupational Affairs, State Board of Funeral
Directors (Board), dated May 12, 2016, revoking his funeral director license under
the Funeral Director Law (Law)[1] and fining him $10,000.00 under Section 5(b)(4)
of the statute commonly referred to as the Licensing Boards and Commissions Law
(Act 48),[2] 63 P.S. §2205(b)(4). We affirm.

---

[1] Act of January 14, 1952, P.L. 1898 (1951), *as amended*; 63 P.S. §§479.1-479.22.

[2] Act of July 2, 1993, P.L. 345, *as amended*, 63 P.S. §§2201-2207.

At all times pertinent in this case, Petitioner held a license to practice as a funeral director in the Commonwealth of Pennsylvania and was the sole proprietor of Turay Memorial Chapel. Board Findings of Fact (F.F.) Nos. 1, 3, 10.

In 2014, Petitioner was charged with various crimes based on allegations that, during the years 2009 through 2013 he, without authority: accessed the bank accounts of an 89-year-old woman with cognitive impairment; added himself to her accounts; prepared checks in her name for his personal use; transferred money into his own personal accounts; transferred her money into an account for Turay Memorial Chapel; and transferred title to the victim's home to himself. In total, Petitioner was charged with stealing more than $300,000.00 from the victim. F.F. Nos. 7-9, 11, 12.

On or about June 11, 2015, Petitioner pled guilty in the Court of Common Pleas of Philadelphia County, at CP-51-CR-0009115-2014, to the following first degree misdemeanors: (1) theft by unlawful taking–movable property;[3] (2) theft by deception–failure to correct;[4] (3) theft by failure to make required disposition of funds;[5] and (4) tampering with records or identification–writing.[6] F.F. No. 5.

On October 6, 2015, the Commonwealth of Pennsylvania (Commonwealth) filed a one-count Order to Show Cause, alleging that the Board was authorized to discipline Petitioner. On November 12, 2015, Jack McMahon,

---

[3] 18 Pa. C.S. §3921(a).

[4] 18 Pa. C.S. §3922(a)(3).

[5] 18 Pa. C.S. §3927(a).

[6] 18 Pa. C.S. §4104(a).

Esquire, entered his appearance on behalf of Petitioner, which triggered all subsequent notices and pleadings regarding Petitioner's case to be sent to counsel instead of Petitioner. Petitioner, by his counsel, filed an Answer and New Matter and the Board scheduled a formal hearing to be held on January 14, 2016; Petitioner requested a continuance and the hearing was rescheduled for February 18, 2016. On January 19, 2016, the Board issued an order correcting the time of the February 18 hearing from 11:00 p.m. to 11:00 a.m. All hearing notices were served on Petitioner's attorney. F.F. Nos. 15-20.

The hearing was held, as scheduled, on February 18, 2016; however neither Petitioner nor his counsel appeared. The hearing was officially called to order at 11:23 a.m. at which time the Commonwealth presented its case. Neither Petitioner nor his attorney attempted to contact the Board either by mail, email or phone to alert the Board that they would not be present for the hearing or to request another continuance. F.F. Nos. 21-24.

The Board concluded that Petitioner was subject to disciplinary action under Section 11(a)(3) of the Law based on his convictions for crimes involving moral turpitude.[7] Consequently, the Board revoked Petitioner's funeral director

---

[7] Section 11(a)(3) of the Law provides:

> (a) The board, by majority vote thereof, may refuse to grant, refuse to renew, suspend or revoke a license of any applicant or licensee, whether originally granted under this act or under any prior act, for the following reasons:
>
> * * *
>
> (3) The conviction of a crime involving moral turpitude, in this or any other State or Federal court or pleading guilty or nolo contendere to any such offense.

**(Footnote continued on next page…)**

license, effective June 13, 2016, and ordered Petitioner to cease and desist from practice as a funeral director. The Board also levied a civil penalty of $10,000 under Act 48.[8]

On appeal to this Court,[9] Petitioner argues that his due process rights were violated because the Board denied him a continuance of his hearing and, therefore, he was not granted a full and fair hearing on the revocation of his funeral director license. Petitioner further asserts that he was denied the opportunity to testify on his own behalf and present witnesses in support of his defense. We disagree.

"There are two essential elements of due process in administrative proceedings: notice and opportunity to be heard." *Kiehl v. Unemployment Compensation Board of Review*, 747 A.2d 954, 957 (Pa. Cmwlth. 1999) (citing

---

**(continued…)**

63 P.S. §479.11(a)(3).

[8] As an alternative to the civil penalties authorized by Section 17(b) of the Law, 63 P.S. §479.17(b), Section 5(b)(4) of Act 48 permits the Board to "levy a civil penalty of not more than $10,000 per violation on any licensee . . . who violates any provision of the applicable licensing act or board regulation." 63 P.S. §2205(b)(4). The Board must choose between levying civil penalties under the Law or Act 48; it may not impose penalties under both for the same violation. Section 5(c) of Act 48, 63 P.S. §2205(c).

[9] This Court's scope of review is limited to determining whether the Board committed violations of an appellant's constitutional rights, whether errors of law, or whether any necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704. As the ultimate finder of fact, the Board makes all credibility determinations and this Court is bound by those determinations as well as the facts derived therefrom. *Department of Transportation, Bureau of Driver Licensing v. Boucher*, 691 A.2d 450, 453 (Pa. 1997); *Toms v. Bureau of Professional and Occupational Affairs*, 800 A.2d 342, 347 (Pa. Cmwlth. 2002).

*Jennings v. Unemployment Compensation Board of Review*, 675 A.2d 810 (Pa. Cmwlth. 1996)).  Beyond the bare assertion that his due process rights were violated, however, Petitioner fails to develop his argument as to how the Board denied him either notice or an opportunity to be heard.  "At the appellate level, a party's failure to include analysis and relevant authority results in waiver." *Browne v. Department of Transportation*, 843 A.2d 429, 435 (Pa. Cmwlth. 2004); Pa. R.A.P. 2119.  Consequently, Petitioner's argument in this regard fails.

Substantively, we conclude that Petitioner's appellate claims are also without merit.  Regarding the first element of due process, notice must reasonably inform interested parties of the pending action as well as the information necessary to allow either party to present objections.  *Wills v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 588 A.2d 572, 573 (Pa. Cmwlth. 1991).  Petitioner filed an Answer and New Matter in response to the Order to Show Cause and requested a continuance of the original hearing, demonstrating his receipt of both notices by counsel.  The rescheduled hearing notice and time correction were sent to the same address as those previously received notices.  Petitioner does not allege that he did not receive notice of the new hearing date.

Regarding the second element, a party who elects by his own actions to fail to appear at his revocation hearing after receiving notice thereof cannot later claim to have been denied due process.  *Gutman v. State Dental Council and Examining Board, Bureau of Professional Affairs*, 463 A.2d 114, 115 (Pa. Cmwlth. 1983).  A hearing was held as scheduled on February 18, 2016, at which time Petitioner could have testified on his own behalf or presented witnesses in support of his defense.  Neither Petitioner nor his attorney attended the hearing.  He and his counsel also failed to, at a minimum, alert the Board as to their inability to attend.

5

Petitioner offers no explanation for these failures. After careful review, it is clear from the record that Petitioner had both notice and an opportunity to be heard.

Petitioner also argues that the Board abused its discretion in levying an unduly harsh punishment by revoking his funeral director license. He emphasizes the fact that he had no prior incidents of misconduct and otherwise conducted himself in a reputable manner. Petitioner requests a remand for a full hearing. Because Petitioner did not raise this argument in the Statement of Questions Involved portion of his appellate brief he has waived this argument as well.[10]

Moreover, this argument is devoid of merit. Our Supreme Court long ago established that:

> [C]ourts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution.
>
> * * *
>
> That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; *judicial* discretion may not be substituted for *administrative* discretion.

*Blumenschein v. Housing Authority of Pittsburgh*, 109 A.2d 331, 335 (Pa. 1954) (emphasis in original). The Board determined that Petitioner's convictions

---

[10] "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa. R.A.P. 2116(a).

6

constituted a violation of Section 11(a)(3) of the Law. A careful review of the record demonstrates that the Board's findings are supported by substantial evidence. As long as it is in accordance with the law, the Board's penalty is reasonable. *Slawek v. State Board of Medical Education and Licensure*, 586 A.2d 362, 365 (Pa. 1991). As a result, we conclude that the Board did not abuse its discretion when it revoked Petitioner's license for violations of the Law.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antoine Turay, F.D.,                           :
                                               : No. 924 C.D. 2016
                        Petitioner             :
                                               :
                v.                             :
                                               :
Bureau of Professional and                     :
Occupational Affairs, State                    :
Board of Funeral Directors,                    :
                                               :
                        Respondent  :

# O R D E R

AND NOW, this 28th day of March, 2017, order of the Bureau of Professional and Occupational Affairs, State Board of Funeral Directors, dated May 12, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge