Robert J. Wojciechowski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1979, before Judges Crum-lish, Jr., Wilkinson, Jr. and Craig, sitting as a panel of three.

*Alfred S. Pelaez,* with him *Perry F. DiCola,* for petitioner.

*David Confer,* Assistant Attorney General, with him *GuruJodha Singh Khalsa,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Craig, October 31, 1979:

In a decision reversing the Bureau of Employment Security's determination, the referee determined that Robert Wojciechowski, claimant, was ineligible for compensation under Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1),[1] on the ground that he had quit his job without cause. Claimant admittedly failed to file a timely appeal from that determination of the referee, dated January 3, 1978.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

Because claimant had been receiving compensation, on February 2, 1978, the Bureau issued claimant an overpayment notice, from which claimant filed a timely appeal, which is not before us here.[2]

On February 8, 1978, claimant also filed a late appeal from the referee's January 3, 1978 determination of ineligibility. Pursuant to a hearing on that filing, the board held that, because the appeal was untimely, Section 502 of the Unemployment Compensation Law, 43 P.S. §822, provided that the decision of the referee had become the final decision of the board, so that the board had no jurisdiction to decide the merits of claimant's untimely appeal.

Claimant here appeals from the board's refusal to consider the merits of his February 8 appeal. Claimant contends that because the notice of the referee's determination did not specifically inform him that the bureau might attempt to recover payments, he could not have intelligently and knowingly "waived" his right to appeal from the referee's adverse determination of January 3.

Claimant contends that his due process rights have been violated because the referee's notice of decision, although clearly notifying him of the time limits in which his appeal could be taken, failed to notify him that, absent an appeal, the bureau could enforce claims for reimbursement of compensation he received before the referee's decision.

---

[2] We note that claimant has filed a timely appeal directly from the bureau's decision to collect fund overpayments. Section 804, 43 P.S. §874, provides that recoupment of "non-fault" overpayments will be made by deducting a percentage from future compensation payments, if any, to which a claimant may become eligible in the coming three-year period. *Rozanc v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 369, 366 A.2d 611 (1976). Only where the bureau has determined that the overpayment has occurred as a result of the fault of the claimant, will actual out-of-pocket reimbursement be required.

We cannot agree.

The essential elements of due process in administrative proceedings are notice and the opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case, before a tribunal with jurisdiction over the matter. *First National Bank of Pike County v. Department of Banking, and Bank of Matamoras,* 7 Pa. Commonwealth Ct. 603, 606, 300 A.2d 823, 825 (1973).

Practically, it would be impossible, and we believe unnecessary, to require the unemployment compensation authorities to list in each determination notice all of the consequences which could result from a decision not to appeal an adverse compensation determination.

As an example, regulations at 34 Pa. Code §65.62 spell out consequences which may result from a determination of ineligibility under a particular disqualifying provision: Subsection (a) provides that a claimant ineligible under Section 402(a), 43 P.S. §802 (a) remains ineligible until he obtains employment that is not of a temporary or casual nature; Subsection (c) provides that a claimant ineligible under Section 3, 43 P.S. 752, remains ineligible until he has earned pay for services in an amount equal to or in excess of six times his weekly benefit amount.

Due process does not require notice of appeal procedures to contain a statement that a claimant has a right to request oral argument or present briefs. *Walker v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 438, 381 A.2d 1353 (1978).

Also, we have held that the right to due process does not require an administrative agency to provide a party with notice of the right to appeal from the agency's decision when the agency or the Legislature has provided a duly published procedure for a hearing or appeal. *Commonwealth v. Derry Township,* 10 Pa.

Commonwealth Ct. 619, 629-30, 314 A.2d 868, 872 (1973).

In this context, we can perceive no constitutional right on the part of the claimant which was violated by the notice given him, and therefore we affirm the order of the board.

ORDER

AND Now, this 31st day of October, 1979, the order of the Unemployment Compensation Board of Review dismissing claimant's appeal is affirmed.