Domenic Re David, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 9, 1980, before Judges MacPhail, Williams, Jr. and Palladino, sitting as a panel of three.

*Robert L. Bernstein,* with him *Joseph P. Carani, Jr., ReDavid, Raffaele & Pietrangelo,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Williams, Jr., February 26, 1981:

This is an appeal by Domenic Re David (claimant) from an Order of the Unemployment Compensation Board of Review (Board) reinstating and reaffirming its first Order denying benefits to claimant, pursuant to Section 402(b)(1) of the Unemployment Compensation Law.[1]

Claimant Re David is a 79 year old male who was employed by Industrial Mechanics, Inc., as a machine operator until March of 1979. On March 30, 1979, while at work, claimant choked on an apple, blacked out, and fell, hitting his head. He was taken to a local hospital, examined, treated for hypertension and a bruise on his head; and then he was released. He was also examined by his own physician on that date; and immediately following that examination he returned to work. Upon his return, claimant informed his employer that he had undergone a medical examination and was physically able to resume his duties. Claimant was then instructed to secure a medical certificate verifying his ability to resume work. After a discussion with his employer, on that occasion, about the medical certificate, Re David informed the employer of his intention to retire from his job.

The claimant neither returned to work nor contacted his employer until April 17, 1979, when he filed an application for unemployment compensation. The Bureau of Employment Security denied the application, determining that claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature. That decision was affirmed by the referee and the Board. Claimant then requested a reconsideration of the Board's decision. Pursuant to

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

that request, the Board vacated its order and remanded the record for additional testimony. Additional testimony was taken and the Board reinstated and reaffirmed its prior decision. It is from that Order that claimant has appealed to this Court.

The claimant contends that the Board's decision is not supported by substantial and credible evidence. He asserts that his retirement was not voluntary, but rather that he was forced to resign because of constant pressure exerted upon him by his employer.

The issue of whether one has voluntarily left work is ultimately one of law. However, the resolution of that question is dependent upon the underlying facts as found by the compensation authorities. *Correa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977). Upon appellate review, the findings of fact of the Board are conclusive if supported by substantial evidence. *Season All Industries, Inc. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 269, 398 A.2d 1092 (1979).

In the instant case, the Board found that the claimant was neither laid off nor discharged, but that he voluntarily left his job. A careful review of the record reveals that competent evidence exists to support this finding.

An employee who has voluntarily terminated his employment bears the burden of proving that he left his job for cause of a necessitous and compelling nature. *Johnson v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 376, 409 A.2d 961 (1980). Voluntary retirement in the face of pressure to retire but absent a compulsory retirement plan is a voluntary leaving of work *without* cause of a necessitous and compelling nature. *Paoloco v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 214, 309 A.2d 594 (1973).

The evidence in the instant case establishes that claimant's employer did not have a mandatory retirement program. Therefore, claimant voluntarily terminated his employment without cause of a necessitous and compelling nature. Accordingly, he does not qualify for unemployment compensation.

Claimant also argues that his employer was unreasonable in requiring him to provide medical certification prior to permitting his return to work. We do not agree. To the contrary, we believe that this request was reasonable for the safety and protection of the employee as well as the employer.

For the above reasons, we affirm the Order of the Board.

ORDER

AND Now, this 10th day of February, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-173906 is affirmed.

AMENDED ORDER

AND Now, this 26th day of February, 1981, the Order filed February 10, 1981, in the above captioned case, is hereby amended to read as follows:

AND Now, this 10th day of February, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-173906-B is affirmed.