Ronald Roberts, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 6, 1981, before Judges CRAIG, MACPHAIL and PALLADINO, sitting as a panel of three.

*Jerome L. Munford,* for petitioner.

*John P. Kupchinsky,* Assistant Attorney General, with him *Steven R. Marcuse,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, July 23, 1981:

In this unemployment compensation appeal, the claimant[1] questions an order of the Unemployment Compensation Board of Review denying him benefits, which affirmed the referee's determination[2] that the claimant was ineligible because he voluntarily quit his employment without cause of a necessitous and compelling nature.[3]

---

[1] Ronald Roberts.

[2] The claimant filed an appeal from the referee's initial decision affirming the Office of Employment Security's denial of benefits. The board affirmed the referee; the claimant requested and was granted a reconsideration. The board vacated its decision and remanded the case to a referee, who heard additional testimony and received new evidence. On consideration of that evidence, the board issued its second decision on February 25, 1980, affirming the denial of benefits.

[3] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The claimant was employed by Allegheny County at John J. Kane Hospital as a licensed practical nurse. While on a scheduled vacation from June 5 to June 11, 1979, he received a registered letter from his supervisor; the correspondence, dated June 8, 1979, was on pink-colored paper, but was labeled "Official Reprimand Form."

The notice summarized past disciplinary action taken against the claimant for documented medication errors; it then stated that the claimant had failed to sign off drugs on the chart on two recent dates, as required.

The letter concluded by stating:

Following the review of all previous medicine errors, it has been determined that you are not capable of passing medicines safely and in the best interest of patient care, *you will no longer function at Kane Hospital under the job description of a Licensed L.P.N.* as of June 6, 1979. (Emphasis added.)

Believing that he had been discharged, the claimant did not return to work at the end of his vacation. Three days after the vacation period ended, he contacted the head of the Human Relations Department, who advised him to speak to the assistant administrator. When the claimant finally reached the assistant administrator, five days later, that official told the claimant that his employment had been terminated as a voluntary quit, for his failure to return to work within three days after the end of the vacation period.

The board found as a fact that claimant had interpreted the letter as a discharge, but concluded that the letter contained no language which indicated that the claimant's services were terminated, and hence concluded further that the employer had only reprimanded the claimant. The board therefore held that the

24

claimant was deemed to have voluntarily quit his employment.

The issue we must resolve is whether the claimant's belief that he had been discharged, based on his receipt of the pink notice, negates the conclusion that he voluntarily terminated his employment.

The issue of whether one has voluntarily left work is one of law; the resolution of that question is dependent upon the underlying facts as found by the board. *David v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 547, 425 A.2d 71 (1981).

The Superior Court has defined "voluntary" as leaving on one's own motion, stating: "Where the employee, without action by the employer, resigns, leaves or quits his employment, his action amounts to 'voluntarily leaving work....'" *Labor and Industry Department v. Unemployment Compensation Board of Review*, 133 Pa. Superior Ct. 578, 3 A.2d 211 (1938).

Thus, a finding of voluntary termination is essentially precluded unless the claimant had a conscious intention to leave his employment.

That element of intent is absent here. The board found as a fact that the claimant interpreted the letter "to mean that he had been discharged." That finding is consistent with the claimant's testimony that his failure to return to work was caused by that interpretation. Clearly, the letter's statement "you will no longer function ... under the job description of a Licensed L.P.N.....", coupled with the pink color connotative of a firing notice, supports a conclusion that the claimant's action was "consistent with ordinary common sense and prudence under circumstances that were real, substantial and reasonable." *Blacklick Valley School District v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 1, 425 A.2d 504 (1981).

Consequently, ascribing no error to the board's findings of fact, but only to its conclusions, we decide that the board erred as a matter of law in deeming the claimant's termination to be voluntary.

Our reversal of the board's finding of a voluntary termination has the effect of a finding, for the first time in these proceedings, that the claimant was discharged and is presumptively entitled to benefits. *Wing v. Unemployment Compensation Board of Review; King v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 103, 426 A.2d 198 (1981).

The question remains as to whether we should now remand to the board only for a computation of benefits or for the purpose of allowing the employer to present evidence as to whether the discharge was the result of the claimant's willful misconduct.

In *Wing* and *King, supra,* after finding that the claimants were not disqualified from receiving benefits under Section 402(b)(1), we remanded to give the employer an opportunity to assert the defense that the terminations were discharges resulting from the claimants' willful misconduct.

Therefore we should here likewise remand to give the employer an opportunity to show that this claimant was discharged (rather than treated as a voluntary quit) for willful misconduct.

Accordingly, we reverse and remand for further proceedings in accordance with this opinion.

## ORDER

Now, July 23, 1981, the order of the Unemployment Compensation Board of Review, dated February 25, 1980, No. B-176114-C, is reversed, and the case is remanded for further proceedings in accordance with the opinion herein.

Judge PALLADINO dissents.