Bonnie Groch, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 8, 1983, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Richard F. Faux*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, and *Charles Hasson*, Acting General Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 14, 1984:

Before this Court is an appeal by Bonnie Groch (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits on the grounds that Claimant was discharged from her employment for willful misconduct.[1] We affirm.

Claimant has not challenged the substantive merits of the Board's decision. Rather, she brings to this Court an appeal focusing on whether the Board trans-

---

[1] *See* Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

gressed her due process rights in its handling of her appeal from the referee's decision.[2] Specifically, she argues that, because she was proceeding pro se in this matter up until the time of her appeal to this Court, it was incumbent on the Board to fully notify her of her right to request oral argument before the Board and to file a brief. Claimant asserts that this is especially so in light of the fact that she failed to appear at the referee's hearing and thus never had the opportunity to testify, present evidence or confront employer's witnesses.[3] She alleges that since no notice was given to her of her right to request oral argument and file a brief, it was therefore error, under Section 504 of the Law, 43 P.S. §824,[4] for the Board

---

[2] The Board's brief deals exclusively with the substantive merits of its decision and is not responsive to the appeal filed in this Court by Claimant.

[3] Claimant alleges that she never received notice of the referee's hearing but, in view of the fact that such notice was mailed, concedes that she is unable to rebut the presumption that it was received. *See Gaskins v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 213, 429 A.2d 138 (1981).

[4] Section 504 of the Law reads, in pertinent part:

Powers of board over claims

The board shall have power, on its own motion, or on appeal, to remove, transfer, or review any claim pending before, or decided by, a referee, and in any such case and cases where a further appeal is allowed by the board from the decision of a referee, may affirm, modify, or reverse the determination or revised determination, as the case may be, of the department or referee on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence. When any claim pending before a referee is removed or transferred to the board, the board shall afford the parties and the department reasonable opportunity for a fair hearing. The parties and the department shall be duly notified of the board's final decision and the reasons therefor.

to render a decision on her appeal and a remand should be ordered to enable her to develop her case.

It is well settled that the essential elements of due process in an administrative proceeding are notice and an opportunity to be heard. *Wojciechowski v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 116, 407 A.2d 142 (1979). In the context of a proceeding before the Board, these elements encompass the right to request oral argument, the granting of which is discretionary, and to file a brief. *Sacks v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 208, 429 A.2d 136 (1981); *Chambers v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 317, 318 A.2d 422 (1974). Moreover, by virtue of 34 Pa. Code §101.21(a), a claimant appearing at the *referee's* hearing without counsel is entitled to assistance from the referee in the development of his case and advice as to his basic rights. *Bennett v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 455, 445 A.2d 258 (1982).

In the case at bar, a review of the record reveals that Claimant was clearly advised in the referee's written opinion and order of her right to appeal to the Board. She exercised this right, utilizing the form provided for that purpose and also a six page letter itemizing her disagreements with the referee's decision. The regulations, in addressing an appeal from the referee to the Board, contain no analogue to 34 Pa. Code §101.21(a). Nothing concerning this latter stage of the proceedings requires that an uncounseled claimant be shown any greater deference than would be afforded a claimant with an attorney, nor is there any requirement of notice other than notice of the basic right of appeal. That Claimant did not pursue her appeal in the fashion most de-

30

sirable to her is unfortunate, but any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing. Claimant was afforded the required *opportunity* to be heard throughout this proceeding. Her failure to avail herself of that opportunity before the referee is no cause for any remedial action on her behalf, *Gutman v. State Dental Council and Examining Board, Bureau of Professional Affairs,* 76 Pa. Commonwealth Ct. 193, 463 A.2d 114 (1983), nor does the Board's failure to itemize the options available to her under the regulations on appeal of the referee's decision constitute procedural error.

### ORDER

Now, March 14, 1984, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-202328, dated December 31, 1981, is hereby affirmed.