529 A.2d 1227

Charles Mitchell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 7, 1987, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Charles S. Morrow,* for petitioner.

*Paul E. Baker,* with him, *Clifford F. Blaze,* for respondent.

OPINION BY JUDGE BARRY, August 21, 1987:

Charles Mitchell, claimant, appeals from an Order of the Unemployment Compensation Board of Review

(Board) adopting and affirming a referee's decision to deny benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (relating to leaving employment for necessitous and compelling cause).

Claimant was employed as a bar supervisor for Willowbrook Country Club for seven years. On June 29, 1985, he was called into a conference with the club president and the director of the bar and kitchen. Claimant alleges that he was discharged for no apparent reason at that conference. He was denied benefits by the referee who found that claimant voluntarily terminated his employment because employer had, in effect, only demoted claimant rather than discharging him. The Board affirmed. On appeal, claimant maintains that he believed that he had been discharged and never had a conscious intention to quit thus never voluntarily leaving his employment.

Our scope of review is limited to determining whether the referee's findings are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

We affirm. In *Roberts v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 21, 432 A.2d 646 (1981), this Court ruled that "a finding of voluntary termination is essentially precluded unless the claimant had a conscious intention to leave his employment". *Id.* at 24, 432 A.2d at 648. In *Roberts,* claimant, while on a scheduled vacation, received a registered letter from his supervisor on pink-colored paper officially labeled "Official Reprimand Form". The notice summarized past disciplinary action taken against the claimant and concluded "in the best interest of patient care, *you will no longer function at Kane Hospital under*

*the job description of a licensed L.P.N."* (Emphasis in original.) Believing that he had been discharged, claimant did not return to work at the end of his vacation. In reality, the letter was intended to serve as a demotion notice and not a discharge. When claimant did not return to work for three days he was officially terminated as a voluntary quit. Ruling that claimant did not have the requisite conscious intention to leave his employment we reversed the Board's denial of benefits stating that claimant's action was "consistent with ordinary common sense and prudence under circumstances that were real, substantial and reasonable." *Blacklick Valley School District v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 1, 425 A.2d 504 (1981). We believe this case is distinguishable from *Roberts.* In *Roberts* the Board found as a fact that the claimant reasonably interpreted the letter to mean that he had been discharged. In the case before us the referee found that the claimant quit his job because his employer was discussing a possible change of positions for him and that he refused to listen to the complete offer of continued work by the employer. These findings are supported by the testimony of the claimant himself who expressed concern over the employee who would have been supervising him had he accepted the change. In *Roberts,* there was no intent to resign as Roberts reasonably believed he had been fired, while in the present case there was a finding, supported by the record, that claimant knew he was not being discharged but consciously quit. Under Section 402(b) he is then required to show a necessitous and compelling cause for quitting. We must conclude that the referee's ruling that claimant failed to prove cause of a necessitous and compelling nature for leaving his employment was proper, as claimant introduced no evidence in this context. We affirm the Board.

## Order

Now, August 21, 1987, the order of the Unemployment Compensation Board of Review, dated November 22, 1985, at No. B-244892, denying benefits to claimant Charles Mitchell, is affirmed.