**Barry GRIFFITH, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (NEW HOLLAND NORTH AMERICA, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 5, 2002.

Decided May 17, 2002.

Thomas S. Cook, Harrisburg, for petitioner.

Paul J. Dellasega, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Barry Griffith (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which reversed in part, modified in part, and affirmed in part, the decision of the Workers' Compensation Judge. We affirm.

Claimant suffered a work-related injury on September 16, 1996, while employed by Ford New Holland (Employer). A notice of compensation payable (NCP) was issued on September 27, 1996, which described the injury as "right femoral hernia." Claimant received total disability benefits at the compensation rate of $499.73 per week based on an average weekly wage of $749.60.

On September 30, 1998, Claimant, at Employer's request, underwent an impairment rating examination.[1] Based on that examination, it was determined that Claimant suffered from a 25% impairment rating.[2] Accordingly, Claimant's disability status was modified on November 11, 1998 from total to partial at the continuing rate of $499.73 per week.[3] Claimant was notified of the change in his disability status; however, Claimant has not appealed the change to partial disability.[4]

On June 3, 1999, Employer filed a modification petition alleging therein that as of April 28, 1999, Claimant was no longer totally disabled, that Claimant had an impairment rating evaluation showing a 25% impairment of the whole body, and that appropriate work was available to Claimant within his physical limitations and vocational abilities. Claimant filed an answer denying the material allegations of Employer's petition. Hearings before a WCJ ensued.

In support of the modification petition, Employer presented the testimony of Benson Kinyanjui, a vocational consultant, and Bonnie Boyer, plant nurse. Employer presented the deposition testimony of Timothy Weyandt, M.D., certified by the Bureau of Workers' Compensation as an Impairment Rating Examiner. Employer also presented documentary evidence.

In opposition to the modification petition, Claimant appeared *pro se* and testified on his own behalf. Claimant also submitted documentary evidence including medical reports; however, the medical reports were excluded based on hearsay. Claimant was informed by the WCJ on more than one occasion that he had the right to be represented by counsel.

Based on the evidence presented, the WCJ dismissed Employer's modification petition finding that Employer failed to meet its burden through competent, persuasive and credible evidence that there were jobs available to Claimant within his restrictions. The WCJ found that Dr. Weyandt expanded Claimant's problems to include depression as a result of his work injury as well as possible additional diagnosis of neuroma, chronic pain syndrome, and chronic infection. The WCJ found

1. Pursuant to Section 306(a.2) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 511.2, *added by* the Act of June 24, 1996, P.L. 350, when an employee has received total disability compensation for a period of 104 weeks, the employee shall be required to submit to a medical examination to determine the degree of impairment due to the compensable injury, if any.

2. Pursuant to Section 306(a.2), if a determination of the degree of an employee's impairment results in an impairment rating that is equal to or greater than 50% under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment" (guidelines), the employee shall be presumed to be totally disabled and shall continue to receive total disability compensation. 77 P.S. § 511.2(2). If the determination results in an impairment rating less than 50% impairment under the most recent guidelines, the employee shall then receive partial disability benefits. *Id.*

3. Unless otherwise adjudicated or agreed to based upon a determination of earning power, the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same. 77 P.S. § 511.2(3). An employer may, at any time prior to or during the 500–week period of partial disability, show that the employee's earning power has changed. *Id.*

4. Pursuant to Section 306(a.2), an employee may appeal the change to partial disability at any time during the 500–week period of partial disability; provided that there is a determination that the employee meets the threshold impairment rating that is equal to or greater than 50% impairment. 77 P.S. § 511.2(4).

further that the expansion of Claimant's condition, although without clinical or diagnostic confirmation, negated the Claimant's capability of returning to sedentary or light employment. The WCJ accepted Dr. Weyandt's opinions that if Claimant was unable to endure the pain resulting from increased activities at work, it may not be in Claimant's best interest to continue said activity. The WCJ also found that Dr. Weyandt placed significant restrictions on Claimant.

In addition, although Dr. Weyandt found a 25% impairment of the whole body, the WCJ rejected this opinion and found that Claimant suffers from additional conditions for which Claimant should seek treatment to determine his condition. Accordingly, the WCJ concluded that Employer failed to meet the legal burden necessary for a modification of Claimant's disability status from total to partial as the WCJ rejected Dr. Weyandt's testimony as incredible in this regard. Thus, the WCJ ordered that compensation continue to be paid to Claimant at the total disability rate of $499.73 per week.

The WCJ concluded further that Employer was entitled to an offset for social security disability insurance benefits received by Claimant since September 1999 and ordered that the NCP be expanded to include depression secondary to the work injury based on Dr. Weyandt's opinions.

Employer appealed the WCJ's decision to the Board. Claimant did not appeal to the Board. Upon review, the Board reversed that portion of the WCJ's decision wherein the WCJ concluded that the NCP should be expanded to include depression secondary to the work injury. The Board determined that Claimant never requested that the NCP be expanded and that Claimant produced no medical evidence in support of modifying the NCP.

The Board also modified the WCJ's decision with respect to Claimant's disability status because the WCJ improperly changed Claimant's status from partial disability back to total disability. The Board stated that Claimant's disability status had been established at a 25% impairment rating based upon the impairment rating examination of September 13, 1998. The Board pointed out that Claimant did not file a petition to review this status rating and the only issue before the WCJ was whether the availability of jobs would reduce Claimant's disability compensation rate, not his whole body impairment rate. The Board stated further that the fact that the WCJ did not accept Dr. Weyandt's opinion that Claimant's impairment rate was less than 50% as credible did not effect Claimant's established impairment rate of 25%. This appeal by Claimant followed.

Herein, Claimant raises two issues: (1) whether the WCJ erred by granting Employer an offset for Claimant's receipt of social security disability insurance benefits; and (2) whether the Board erred in modifying the WCJ's decision to reflect that Claimant's benefits should be in partial status after the performance of an impairment rating determination, when the WCJ specifically concluded that the physician's testimony who performed the impairment rating examination was not credible with respect to the impairment rating determination.

■ Initially, we note that this Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). Substantial

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa. Cmwlth.382, 539 A.2d 11 (.1988).

■ With respect to the first issue, we conclude that this issue has been waived. Claimant did not appeal this issue to the Board and pursuant to Pa.R.A.P. 1551, no question shall be heard or considered by the Court which was not raised before the government unit. Moreover, we reject Claimant's attempts to overcome his waiver of this issue.

■ Claimant first argues that because he was *pro se,* he was unaware that the WCJ's offset was in error and that the Board, knowing he was *pro se,* should have raised the WCJ's error *sua sponte.* It is unfortunate that Claimant's *pro se* efforts resulted in a failure to properly preserve and raise his challenges to the proceedings below. This Court is quite aware of the fact that parties sometimes lack sufficient means to hire an attorney. However, any lay person who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing. *City of Erie v. Stelmack,* 780 A.2d 824 (Pa.Cmwlth.2001); *Groch v. Unemployment Compensation Board of Review,* 81 Pa.Cmwlth. 26, 472 A.2d 286 (1984). We note that the WCJ advised Claimant that he had the right to counsel on more than one occasion during the proceedings below.

■ Next, Claimant argues that because the Workers' Compensation Act (Act) does not allow for an offset for a claimant's receipt of social security disability insurance benefits, the WCJ had no jurisdiction to grant Employer an offset for the same. Accordingly, Claimant claims that he can raise this issue for the

first time on appeal to this Court in accordance with Pa.R.A.P. 1551 which provides that no question shall be heard or considered by the Court which was not raised before the government unit except questions involving the jurisdiction of the government unit over the subject matter of the adjudication.

In the present case, it is clear that the WCJ had jurisdiction over the subject matter of the adjudication—whether Employer was entitled to a modification of Claimant's benefits. The mere fact that a WCJ commits an error of law when disposing of a petition does not strip the WCJ of subject matter jurisdiction over the same. Accordingly, we reject Claimant's arguments to the contrary as meritless.

■ Next, Claimant argues that the Board erred in modifying the WCJ's decision to reflect that Claimant's benefits should be in partial status after the performance of an impairment rating determination, when the WCJ specifically concluded that she did not find the testimony of the physician performing the impairment rating examination to be credible with respect to the impairment rating determination. Claimant contends that while he did not appeal from the impairment rating determination, Employer effectively opened to question the validity of the determination when Employer filed the modification petition. Claimant points out that Employer alleged in its modification petition that Claimant had an impairment rating examination showing a 25% impairment. As such, Claimant argues, Employer effectively filed Claimant's appeal of the impairment rating determination by bringing the issue before the WCJ; therefore, Employer cannot now be heard to claim that the WCJ prejudiced Employer by *sua sponte* raising the issue of the validity of the impairment rating determination. Claimant argues further that by having Dr.

Weyandt testify as to this impairment rating determination, Employer had sufficient notice of the appeal of the determination. We disagree.

It is clear from the provisions of the Act that the procedure for changing a claimant's disability status is different from the procedure for modifying a claimant's compensation rate based on a claimant's disability status. Pursuant to Section 306(a.2), after a proper medical examination, an employee's disability status may be changed based on the employee's impairment rating. 77 P.S. § 511.2. If after the medical examination, it is determined that the employee's degree of impairment is less than 50%, the employee shall then receive partial disability benefits but the amount of compensation shall not be affected as a result of the change in disability status unless otherwise adjudicated or agreed to based upon a determination of earning power. *Id.* Thus, in order to change the employee's amount or rate of compensation if the parties do not agree, an employer must file an appropriate petition, such as Employer did in the present case when it filed a modification petition. Once Employer filed the modification petition, Employer was charged with the burden of proving certain criteria set forth by our Supreme Court's decision in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Those criteria are as follows:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or job), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Kachinski*, 516 Pa. at 252, 532 A.2d at 380.[5]

Accordingly, the issue before the WCJ was whether Employer satisfied its burden under *Kachinski*. It did not matter whether the WCJ found Employer's medical expert's testimony credible with respect to Claimant's impairment rating examination and subsequent determination in September 1998. As admitted to by Claimant, he did not appeal that impairment rating determination and while Section 306(a.2) permits an employee to appeal the change to partial disability at any time during the 500–week period of partial disability, by virtue of the plain language of Section 306(a.2), when the employee appeals, there must be a determination that the employee meets the threshold impairment rating that is equal to or greater than 50% under the most recent guidelines. 77 P.S. § 511.2(4).

Accordingly, we reject Claimant's arguments that Employer effectively filed Claimant's appeal for him by alleging in the modification petition that Claimant had an impairment rating examination showing a 25% impairment and by having the same doctor testify in support of the modification petition that performed the impair-

---

**5.** We note that this Court has held that proof of a change in medical condition is not required when it is not the basis for seeking a decrease in benefits. *Lukens, Inc. v. Work-men's Compensation Appeal Board (Williams)*, 130 Pa.Cmwlth.479, 568 A.2d 981 (1989), *petition for allowance of appeal denied*, 527 Pa. 656, 593 A.2d 426 (1990).

ment rating examination. The Board's order is affirmed.

### ORDER

AND NOW, this *17th* day of *May*, 2002, the order of the Workers' Compensation Appeal Board in the above captioned matter is affirmed.