# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian E. Heckmann, : 
               Petitioner : 
                   :
      v. : No. 1313 C.D. 2018
                   : Submitted: February 1, 2019
Unemployment Compensation : 
Board of Review, : 
             Respondent : 

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**         **FILED: April 16, 2019**

Petitioner Brian E. Heckmann (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed a Referee's determination that Claimant was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law),[1] relating to voluntary separation from employment. For the reasons set forth below, we now affirm the Board's order.

Claimant filed for unemployment compensation benefits following his separation from employment with Adecco, USA, Inc. (Employer), a temporary staffing agency. Claimant received $789 of unemployment compensation benefits

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

for the weeks ending April 8, 2018, through April 22, 2018. By notice dated June 12, 2018, the Erie Unemployment Compensation Service Center (Service Center) determined Claimant to be ineligible for benefits under Section 402(b) of the Law and assessed a *fault* overpayment in the amount of $789 under Section 804(a) of the Law.[2] (Certified Record (C.R.), Item No. 4.) Claimant appealed the Service Center's determination.

On June 22, 2018, the Referee's office mailed to Claimant at his address in Wexford, Pennsylvania, notice of a hearing scheduled for July 9, 2018, in Pittsburgh, Pennsylvania. The notice informed Claimant of the issue(s) to be considered. It also advised Claimant that he "should attend the hearing to protect [his] rights" and that he had a right to "present . . . testimony and evidence," "question opposing parties and witnesses," and "be represented by an attorney or other advocate." (C.R., Item No. 7 at 2.) The notice provided that a party may represent himself or may be represented by an attorney or other advocate. (*Id.*)

The Referee conducted an evidentiary hearing, at which neither Claimant nor Employer appeared. During the hearing, the Referee entered into the record various documents, including various Service Center documents, notice of the hearing, a statement from Claimant indicating that he will not be appearing at the hearing and setting forth various contentions of Claimant (Exhibit 6), and a letter from Employer's representative to the Service Center providing information on behalf of Employer (Exhibit 9). (C.R., Item No. 10. at 1.) The Referee noted that Claimant's father appeared at the hearing and wanted to represent Claimant, but, because the Referee did not have anything in writing from Claimant indicating that

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(a). Section 804(a) of the Law, pertaining to fault overpayments, requires a claimant to repay the fault overpayment with interest.

his father was to be his representative, the Referee did not permit the father to represent Claimant. (*Id.*) The Referee also noted that Claimant's father provided an address for Claimant (in Florida), which differed from the address on file for Claimant. (*Id.*)

The Referee denied benefits pursuant to Section 402(b) of the Law, relating to voluntary separation from employment, and assessed a *non-fault* overpayment in the amount of $789 under Section 804(b) of the Law.[3] In so doing, the Referee made the following findings of fact:

1. [Claimant] worked for [Adecco] from March 23, 2017, until his last day of work, March 31, 2017.

2. [Claimant] voluntarily left his employment.

3. If [Claimant] had not voluntarily left his employment, continuing work was available for him.

4. [Claimant] received $789.00 in benefits for the weeks ending April 8, 2017, through April 22, 2017.

(C.R., Item No. 11.) The Referee reasoned that Claimant did not meet the burden of proving that he voluntarily terminated his employment for a necessitous and compelling reason. (*Id.*) The Referee also explained that Claimant's father appeared at the hearing without identification or authorization from Claimant. (*Id.*) Instead,

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(b). Section 804(b)(1) of the Law, pertaining to non-fault overpayments, does not require a claimant to repay the non-fault overpayment. Rather, Section 804(b)(1) of the Law, provides, in part:

> Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year, in accordance with the provisions of this paragraph.

3

Claimant's father provided a document, purporting to be from Claimant. (*Id.*) The Referee concluded that the document constituted hearsay and was not corroborated by any competent evidence in the record. (*Id.*) Finally, the Referee concluded that there was no evidence sufficient to establish a fault overpayment. (*Id.*) Thus, the Referee assessed a non-fault overpayment. (*Id.*)

Claimant appealed the Referee's decision to the Board, asserting factual and procedural issues. The Board adopted and incorporated the Referee's findings of fact and conclusions of law and affirmed the Referee's decision. (C.R., Item No. 13.) Claimant now petitions this Court for review.

On appeal,[4] Claimant argues that the Referee's refusal to allow Claimant's father to participate in the hearing as Claimant's representative and the Referee's failure to inform Claimant of procedures for participating via telephone constituted violations of Claimant's right to due process. As to the merits, Claimant argues that the Referee and Board erred in concluding that he did not have necessitous and compelling reasons to quit.[5]

First, we address Claimant's argument that the Referee violated his due process rights. The essential elements of due process in an administrative proceeding are notice and an opportunity to be heard. *Groch v. Unemployment Comp. Bd. of Review*, 472 A.2d 286, 287-88 (Pa. Cmwlth. 1984); *Wojciechowski*

---

[4] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[5] Claimant also argues that this Court does not have personal jurisdiction over him. This argument has no merit because Claimant is the party who filed this unemployment compensation claim, appealed to the Referee and Board, and brought this subsequent appeal in this Court, thereby clearly availing himself of process and this Court's jurisdiction.

*v. Unemployment Comp. Bd. of Review*, 407 A.2d 142, 143 (Pa. Cmwlth. 1979). An allegation of a violation of due process essentially challenges whether the Referee conducted the hearing in accordance with Section 101.21 of Title 34 of the Pennsylvania Code.[6] *Hackler v. Unemployment Comp. Bd. of Review*, 24 A.3d 1112, 1115 (Pa. Cmwlth. 2011). This Court has consistently held that the unemployment compensation authority's failure to provide an itemized list of a claimant's options upon appeal is not a violation of due process. *Groch*, 472 A.2d at 288; *Wojciechowski*, 407 A.2d at 143. Further, a referee's failure to itemize each of a claimant's available options on appeal is not procedural error. *Groch*, 472 A.2d at 288. Unemployment compensation regulations, including telephone regulations, are publicly available.[7] The referee, by her own motion, "may schedule . . . testimony by telephone . . . when it appears from the record that the party . . . is located at least 50 miles from the location [of the hearing]." 34 Pa. Code § 101.128(a). The referee may also schedule testimony by telephone on a motion by one of the parties when either the parties consent to the telephone testimony or a witness is "reasonably unable to testify in person due to a compelling employment, transportation, or health reason, or other compelling problem." 34 Pa. Code § 101.128(b).

Claimant contends that the unemployment compensation authorities offered him no meaningful opportunity to present facts in his defense. Claimant argues that neither the Service Center nor the Referee informed him of his option to participate by phone, and, when he made efforts to have representation or participate by phone, the Referee enforced unmentioned restrictions. We observe, however,

---

[6] 34 Pa. Code § 101.21.

[7] For example, Pennsylvania's regulations on the scheduling of telephone testimony is found under 34 Pa. Code § 101.128.

5

that when Claimant received unemployment compensation benefits and when he appealed the Service Center's determination, Claimant provided his address as Wexford, Pennsylvania. The Referee had no reason to know that Claimant was living in Florida, because Claimant did not provide the Referee with an up-to-date address after moving from Pennsylvania to Florida. It was Claimant's responsibility to inform the Service Center that he was no longer living in Pennsylvania. The Referee had no reason to know that Claimant now lived more than 50 miles from the hearing location, and, therefore, she did not have reason to schedule the hearing as a telephone hearing. Further, because the telephone regulations are publically available, the Referee's failure to itemize Claimant's options under the regulations does not constitute procedural error.

Claimant also argues that the Referee violated his due process rights when the Referee did not permit Claimant's father to advocate on Claimant's behalf. A review of the record reveals that the Referee provided notice and advised Claimant of his procedural rights. The notice of hearing informed Claimant of the date of the hearing, the issues under consideration, what evidence he would need, and his rights on appeal. These rights included his right to present testimony and evidence, to cross-examine witnesses, and to be represented by an attorney or other representative. The notice of hearing further explained how to contact the Referee regarding specific requests and what to do if a party was unable to attend the hearing. The Referee provided Claimant notice and the opportunity to be heard, but Claimant chose not to appear. Claimant's "failure to avail [him]self of that opportunity before the [R]eferee is no cause for any remedial action on [his] behalf." *Groch*, 472 A.2d at 288.

6

There is no unemployment compensation regulation that provides the required steps to permit a representative to appear on behalf of a claimant at a hearing. Regarding representation, Section 214 of the Law[8] merely provides: "Any party in any proceeding under this act before the department, a referee or the board may be represented by an attorney or other representative." *See also* 34 Pa. Code § 61.25(a)(3)(ii) and (7). The Referee did not permit Claimant's father to appear on behalf of Claimant, concluding that the document, purporting to be from Claimant, authorizing Claimant's father to appear on Claimant's behalf, was inadmissible hearsay.[9] (C.R., Item No. 11.) The Referee noted that because Claimant did not provide a writing indicating that he was to be represented, the Referee did not permit Claimant's father to participate in the hearing. (C.R., Item No. 10, at 1.) There is no legal authority to support this decision. The Referee abused her discretion in prohibiting Claimant's father from appearing on behalf of Claimant.

The Referee's error regarding representation, however, constitutes harmless error. Claimant did not submit evidence of his claim, challenge the hearsay objection on appeal to this Court, or explain what evidence Claimant's father would have introduced had he been permitted to represent Claimant. It is particularly noteworthy that Claimant has not represented to this Court that his father had personal knowledge of the circumstances of Claimant's separation from employment or planned to introduce testimony or other admissible evidence.

---

[8] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, added by the Act of June 15, 2005, P.L. 8, 43 P.S. § 774.

[9] A claimant's confidential information may not be disclosed to a representative unless the representative "present[s] a written authorization from the claimant or employer being represented." 34 Pa. Code § 61.25(a)(7). The Pennsylvania Code provides three exceptions to the requirement of written authorization, but none of these exceptions are relevant to the present case. 34 Pa. Code § 61.25(a)(7)(i-iii). Whether confidential information may be disclosed is a separate issue from whether a representative may represent a claimant at a hearing.

Claimant offers no explanation as to how his father's participation at the hearing would have affected the outcome of the proceeding, and we cannot discern how the outcome would be different. Accordingly, any error in prohibiting Claimant's father from appearing on behalf of Claimant is harmless.

We next address whether the Referee and Board erred in concluding that Claimant did not have necessitous and compelling reasons to quit. Section 402(b) of the Law, pertaining to voluntary termination, provides, in part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." Claimant disputes that he voluntarily terminated his employment. Thus, we must first determine whether Claimant left his employment voluntarily.

Whether Claimant's separation from his employment is the result of a voluntary action or a discharge is a question of law subject to our review and must be determined based on the totality of the facts surrounding the termination of employment. *Key v. Unemployment Comp. Bd. of Review*, 687 A.2d 409, 412 (Pa. Cmwlth. 1996). Pennsylvania case law has established "'a finding of voluntary termination is essentially precluded unless the claimant had a conscious intention to leave his employment.'" *Monaco v. Unemployment Comp. Bd. of Review*, 565 A.2d 127, 129 (Pa. 1989) (quoting *Roberts v. Unemployment Comp. Bd. of Review*, 432 A.2d 646, 648 (Pa. Cmwlth. 1981)). A claimant voluntarily terminates his employment when he resigns, leaves, or quits his employment without action by the employer. *Roberts*, 432 A.2d at 648. To be interpreted as a discharge, there must be the immediacy and finality of a firing. *Charles v. Unemployment Comp. Bd. of Review*, 552 A.2d 727, 729 (Pa. Cmwlth. 1989).

8

Employer, through its representative, Equifax, as part of its "Employer Separation Response," reported to the Service Center that Claimant had voluntarily quit a temporary position due to job dissatisfaction without discussing the matter with Employer prior to separation. (C.R., Item No. 2, letter from Equifax, dated June 8, 2018.) Claimant did not provide any information to the Service Center in response to the questionnaire sent to him by the Service Center, although he did submit an email to the Referee, sent July 5, 2018, wherein he appears to dispute that he did any work as part of his employment in what he referred to as Employer's hiring pool.[10] Additionally, Claimant did not explain what evidence his father would have provided, had he been permitted to represent Claimant, nor how having his father as a representative would have affected the proceeding. Given that neither Employer nor Claimant appeared at the hearing, the Referee considered the written information provided to her and found that Claimant had voluntarily left his employment while continuing work was available. Furthermore, the record is devoid of any evidence indicating that Employer terminated Claimant's employment.

A determination that Claimant voluntarily left his employment, however, is not an absolute bar to recovery of unemployment compensation benefits. Where the termination of employment is voluntary, in order to receive unemployment compensation benefits the claimant bears the burden of demonstrating that it was for a necessitous and compelling reason. *Pennsylvania Gaming Control Bd. v. Unemployment Comp. Bd. of Review*, 47 A.3d 1262, 1265

---

[10] Although Claimant, in his email to the Referee, appeared to dispute that he worked for Employer from March 23, 2017, through March 31, 2017, as found by the Referee, Claimant does not dispute this employment in his brief to this Court. Rather, he takes the position that he was not well-suited to the employment, and he and Employer agreed that he would no longer continue in the position.

9

(Pa. Cmwlth.), *appeal denied sub nom.* 62 A.3d 381 (Pa. 2012). Whether a claimant has a cause of a necessitous and compelling nature to voluntarily leave employment is a question of law subject to this Court's review. (*Id.*) To establish cause of a necessitous and compelling nature, Claimant must establish: (1) circumstances existed that produced real and substantial pressure to terminate employment, (2) like circumstances would compel a reasonable person to act in the same manner, (3) the claimant acted with ordinary common sense, and (4) the claimant made a reasonable effort to preserve his employment. *Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261, 264 (Pa. Cmwlth. 2008). Mere dissatisfaction with working conditions does not constitute cause of a necessitous and compelling nature for voluntarily terminating employment. *McKeown v. Unemployment Comp. Bd. of Review*, 442 A.2d 1257, 1258 (Pa. Cmwlth. 1982).

Here, Claimant argues that the assignment was not what he expected and that the nature of the assignment was unsuitable, so he and Employer agreed that he would stop working the temporary assignment. As such, he contends that he did not voluntarily quit his employment, but that, if the Court were to conclude otherwise, he had necessitous and compelling reasons to do so given the unsuitable nature of the employment. This argument, however, is not supported by the record. The only evidence before the Referee and Board indicated that Claimant voluntarily terminated his employment due to dissatisfaction with the assignment. There is nothing in the record to show that Claimant had a necessitous and compelling reason for leaving his assignment. Rather, his reason was mere job dissatisfaction. Based on the record, limited as it may be, the Referee and Board determined that Claimant had voluntarily terminated his employment and did not establish cause of a necessitous and compelling nature to do so. Claimant attempts to provide additional

10

facts outside of the record to support his argument. Our review, however, is restricted to evidence of record. Based on the record, Claimant failed to demonstrate that he voluntarily terminated his employment for a necessitous and compelling reason.

Accordingly, we affirm the order of the Board.

_____
P. KEVIN BROBSON, Judge

Judge Covey concurs in the result only.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian E. Heckmann,                       :
                    Petitioner           :
                                         :
        v.                               :   No. 1313 C.D. 2018
                                         :
Unemployment Compensation                :
Board of Review,                         :
                    Respondent           :

# **O R D E R**

AND NOW, this 16th day of April, 2019, the order of the Unemployment Compensation Board of Review is AFFIRMED.

_____
P. KEVIN BROBSON, Judge