# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ernest Spivey,               :
          Petitioner      :
                              :
          v.                :
                              :
Unemployment Compensation   :
Board of Review,             :   No. 1044 C.D. 2019
          Respondent   :   Submitted: June 12, 2020


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION BY
JUDGE COVEY                       FILED: July 6, 2020


Ernest Spivey (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) June 17, 2019 order affirming the Referee's decision denying Claimant UC benefits under Sections 401(d)(1) and 402(b) of the UC Law (Law).[1] Claimant presents one issue for this Court's review: whether the UCBR erred by concluding that Claimant voluntarily separated from his employment when he was undergoing in-patient substance abuse treatment.[2] After review, we affirm.

Northport Distribution LLC (Employer) employed Claimant as a forklift operator from July 7, 2017 to November 30, 2018. On December 3, 2018, Claimant's parole officer administered a drug test, and Claimant tested positive for alcohol, marijuana and cocaine. Claimant's parole officer immediately detained Claimant for

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801(d)(1) (relating to employees who are able and available for work) and 802(b) (relating to voluntarily leaving work without cause of a necessitous and compelling nature).

[2] In the current appeal to this Court, Claimant's argument focuses solely on the UCBR's finding that he voluntarily quit, and does not challenge the UCBR's ruling denying Claimant UC benefits under Section 401(d)(1) of the Law.

a technical parole violation. As a result thereof, Claimant was held in detoxification until December 10, 2018, and, thereafter, entered into an in-patient substance abuse treatment program for 45 to 90 days.

On December 10, 2018, upon Claimant's release from detoxification, he notified his supervisor that he would be entering an in-patient substance abuse treatment program and would be unavailable for work for up to 90 days. Claimant also informed his union representative.

Claimant was in the in-patient substance abuse treatment program from December 11, 2018 to January 25, 2019. On January 25, 2019, Claimant attempted to contact Employer about returning to work, but he was unable to speak to anyone. Also, on January 25, 2019, Claimant met with his union president, who informed Claimant that he would look into Claimant's work situation. Claimant continued to call Employer on a daily basis thereafter, with no response. Claimant followed up with his union president who advised him that there was no work for him.

Claimant applied for UC benefits. On February 22, 2019, the Scranton UC Service Center determined that Claimant was ineligible for UC benefits under Sections 401(d)(1) and 402(b) of the Law. Claimant appealed, and a Referee hearing was held on March 28, 2019.[3] On April 1, 2019, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On June 17, 2019, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[4]

---

[3] Claimant was represented at the hearing by an attorney from Philadelphia Legal Assistance; Employer did not appear.

[4] "'Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Review*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *City of Pittsburgh, Dep't of Pub. Safety v. Unemployment Comp. Bd. of Review*, 927 A.2d 675, 676 n. 1 (Pa. Cmwlth. 2007) (quotation marks omitted).

Preliminarily, Section 402(b) of the Law states that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). Accordingly, "[a] claimant seeking [UC] benefits bears the burden of establishing either that (1) his separation from employment was involuntary or (2) his separation was voluntary but he had cause of a necessitous or compelling nature that led him to discontinue the relationship." *Greenray Indus. v. Unemployment Comp. Bd. of Review*, 135 A.3d 1140, 1143 (Pa. Cmwlth. 2016) (quoting *Watkins v. Unemployment Comp. Bd. of Review*, 65 A.3d 999, 1004 (Pa. Cmwlth. 2013)).

This Court has ruled:

> When examining whether a claimant has 'voluntarily' left employment, an **express resignation is not necessary** to make this determination and '**conduct which is tantamount to a voluntary termination of employment is sufficient**.' *Greenray Indus*[.] . . . , 135 A.3d [at] 1143 . . . ([quoting] *Shrum v. Unemployment Comp*[.] B[d.] of Review*, 690 A.2d 796, 799-800 (Pa. Cmwlth. 1997)).

> When making a determination of whether a person voluntarily left his employment, **we must examine the totality of the facts surrounding the cessation of employment**. An employee's failure to take all necessary and reasonable steps to preserve his employment will result in a voluntary termination of employment.

*Thiessen v. Unemployment Comp. Bd. of Review*, 178 A.3d 255, 260 (Pa. Cmwlth. 2018) (emphasis added; citations omitted).

Claimant argues that the UCBR erred by determining that he voluntarily separated from his employment when he was undergoing in-patient substance abuse treatment. Claimant specifically contends that the UCBR's conclusion that he voluntarily quit his job was not supported by substantial evidence, since there was no record evidence that he intended to abandon his job when he entered treatment.

3

Claimant asserts that he took a temporary leave of absence, and the record evidence established that he intended to and did attempt to return to work thereafter.

> This Court has explained:
>
> The issue of whether one has voluntarily left work is one of law; the resolution of that question is dependent upon the underlying facts as found by the [UCBR]. *David v. Unemployment Comp*[.] [*Bd*]. *of Review*, . . . 425 A.2d 71 ([Pa. Cmwlth.] 1981).
>
> The Superior Court has defined 'voluntary' as leaving on one's own motion, stating: '**Where the employee**, **without action by the employer**, resigns, **leaves** or quits **his employment**, **his action amounts to** '**voluntarily leaving work**. . . .'' *Labor* [*&*] *Industry Dep*[*'t*] *v. Unemployment Comp*[.] [*Bd.*] *of Review*, . . . 3 A.2d 211[, 214] ([Pa. Super.] 1938).

*Roberts v. Unemployment Comp. Bd. of Review*, 432 A.2d 646, 648 (Pa. Cmwlth. 1981) (emphasis added); *see also Baer v. Unemploymet Comp. Bd. of Review* (Pa. Cmwlth. No. 1878 C.D. 2010, filed June 22, 2011).[5]

> Here, the UCBR found as facts:
>
> 4. As a result of [] [C]laimant's parole violation, he was mandated to attend a seven[-]day detox program and then an in-patient substance abuse program for 45-90 days.
>
> 5. [] [C]laimant attended the detox program and was released on December 10, 2018. He then entered the in-patient program on December 12, 2018 [sic].
>
> 6. On January 25, 2019, [] [C]laimant was released from the in-patient program.
>
> 7. During [] [C]laimant's time in the mandated programs, he was unable to work . . . .

---

[5] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. All unreported cases cited herein are cited for their persuasive value.

UCBR Dec. at 1.[6]   Clearly, Claimant left his employment "without action by []
[E]mployer[.]" *Roberts*, 432 A.2d at 648 (quoting *Labor & Industry*, 3 A.2d at 214).
Accordingly, Claimant voluntarily left his employment.

Having determined that Claimant voluntarily left his employment, this
Court must now rule on whether Claimant is eligible for UC benefits under Section
402(b) of the Law.  Pursuant to Section 3 of the Law, the purpose of the Law is to
provide UC benefits for "persons unemployed **through no fault of their own**."  43
P.S. § 752 (emphasis added).  Although the UCBR did not rely on Section 3 of the
Law in reaching its decision in this case, this Court has determined that it is a valid
interpretive aid when analyzing Section 402(b) of the Law.  *See Kawa v.
Unemployment Comp. Bd. of Review*, 573 A.2d 252 (Pa. Cmwlth. 1990); *see also
Bostic v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 1531 C.D. 2009,
filed February 16, 2010).

In determining fault, this Court has historically and consistently
concluded that an employee is responsible for the consequences of his alcohol and
drug use.  *See Bostic* (benefits denied pursuant to Sections 3 and 402(b) of the Law,
where the claimant quit his job based on the employer's refusal to grant him a leave
of absence to attend a long-term substance abuse treatment program because he could
not maintain his sobriety); *see also Kawa* (benefits denied under Sections 3 and
402(b) of the Law, where the claimant quit his job due to commuting difficulties
arising from the claimant's license suspension for drunk driving).

Here, Claimant stated, in relevant part: "I went in to see my parole
officer.  I am on parole through Philadelphia.  I smelled like alcohol and my parole
officer said he was giving me a drug test.  I tested positive for alcohol, marijuana and

---

[6] "[T]he [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all
conflicts in evidence, witness credibility, and weight accorded the evidence." *Ductmate Indus., Inc.
v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

cocaine. I used the substances because of lack of good judgement." Certified Record (C.R.) Item 4 at 1 (Claimant's Initial UC Oral Interview). Further, Claimant testified at the Referee hearing that his detention and inability to work was due to his positive drug test on December 3, 2018, which violated his parole conditions. *See* C.R. Item 9 (Notes of Testimony, March 28, 2019) at 4-7.

Claimant's testimony is substantial evidence upon which the UCBR properly found that Claimant's absence from work due to his in-patient drug program was the result of his marijuana, cocaine and alcohol use while on parole. Therefore, although Claimant did not expressly quit his job, his conscious decision to consume alcohol and drugs despite being fully aware of the potential consequences was sufficient for the UCBR to conclude that Claimant was voluntarily unemployed without a necessitous and compelling reason and to deny him UC benefits under Section 402(b) of the Law.

Based on the foregoing, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ernest Spivey,                          :
                Petitioner     :
                                         :
            v.                   :
                                         :
Unemployment Compensation    :
Board of Review,               :   No. 1044 C.D. 2019
                Respondent     :

## O R D E R

AND NOW, this 6th day of July, 2020, the Unemployment Compensation Board of Review's June 17, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge